# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES PIAZZA and EVELYN PIAZZA, <br><br> Plaintiffs, <br><br> v. <br><br> BRENDAN YOUNG, DANIEL CASEY, BRAXTON BECKER, MICHAEL BONATUCCI, RYAN BURKE, JERRY COYNE, GARY DIBILEO, JR., JOSEPH EMS, CASEY FUNK, EDWARD JAMES GILMARTIN, III, CRAIG HEIMER, JONATHAN KANZLER, LARS KENYON, NICHOLAS KUBERA, JOSHUA KURCZEWSKI, JONATHAN MARTINES, ADAM MENGDEN, JOSHUA MONCKTON, JONAH NEUMAN, AIDAN O'BRIEN, DONALD PRIOR, MATTHEW REINMUND, LUCAS ROCKWELL, JOSEPH SALA, MICHAEL ANGELO SCHIAVONE, BOHAN SONG, LUKE VISSER, PARKER YOCHIM, and ST. MORITZ SECURITY SERVICES, INC. <br><br> Defendants. | No. 4:19-CV-00180 <br><br> (Judge Brann) |

## MEMORANDUM OPINION

### NOVEMBER 19, 2019

Plaintiffs James and Evelyn Piazza alleged, among other things, that Defendants Brendan Young, Gary DiBileo, Edward Gilmartin, and Jonathan Martines were negligent in their providing aid to the decedent, Timothy Piazza,

after Timothy fell down the stairs of Defendants' fraternity house on February 2, 2017. My August 27, 2019 Memorandum Opinion (the "August 27 Opinion") dismissed this claim and gave the Piazzas leave to amend.[1] On September 17, 2019, the Piazzas filed their First Amended Complaint ("FAC").[2] Defendants Gilmartin and Martines moved to again dismiss the Piazzas' after-the-fall negligence claim on September 26 and 27, 2019, respectively.[3] As discussed below, Gilmartin's motion will be denied, and Martines' motion will be granted.

## I. NEW FACTS IN THE FIRST AMENDED COMPLAINT THAT ARE RELEVANT TO GILMARTIN AND MARTINES' MOTIONS TO DISMISS[4]

### A. Facts Specific to Gilmartin

Gilmartin was aware that his conduct in planning the Alpha Upsilon Chapter's February 2, 2017 Bid Acceptance Night, and associated Gauntlet of drinking events, had rendered Timothy Piazza helpless and in danger of further harm.[5]

---

[1] ECF No. 233.

[2] ECF No. 237.

[3] ECF Nos. 241 and 244.

[4] In this section, I draw additional factual material from the allegations in the FAC. I only reproduce those allegations that pertain to Gilmartin and Martines' motions. At this stage, I presume these allegations are true, and I draw all inferences from them in favor of the Piazzas. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (noting that, when considering a motion to dismiss, a court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]").

[5] ECF No. 237 at ¶ 287.

The Alpha Upsilon Chapter Defendants, including Jonah Neuman and Gilmartin, discouraged other Alpha Upsilon members from contacting 911, taking Timothy Piazza to the hospital, or otherwise seeking assistance for Timothy Piazza.[6] Neuman and Gilmartin instead instructed or otherwise coordinated with their fellow Alpha Upsilon members to provide assistance or attempt to aid Piazza at the fraternity house.[7]

### B. Facts Specific to Martines

Martines was aware that his conduct in planning Bid Acceptance Night and the Gauntlet had rendered Timothy Piazza helpless and in danger of further harm.[8]

### C. General Facts

After Timothy Piazza's fall, all the Alpha Upsilon Chapter Defendants, including Gilmartin and Martines, were aware that their conduct had rendered Timothy Piazza helpless and in danger of further harm.[9] After Timothy Piazza's fall, all of the Alpha Upsilon Chapter Defendants, including Gilmartin and Martines, rendered no further aid, or took insufficient actions to address Timothy Piazza's injuries.[10]

---

[6] *Id.* at ¶ 288.
[7] *Id.* at ¶ 289.
[8] *Id.* at ¶ 311.
[9] *Id.* at ¶ 352.
[10] *Id.* at ¶ 353.

## II. DISCUSSION

When considering a motion to dismiss for failure to state a claim upon which relief may be granted,[11] a court assumes the truth of all factual allegations in the plaintiff's complaint and draws all inferences in favor of that party.[12] The court does not, however, assume the truth of any of the complaint's legal conclusions.[13] If a complaint's factual allegations, so treated, state a claim that is plausible—i.e., if they allow the court to infer the defendant's liability—the motion is denied; if they fail to do so, the motion is granted.[14]

### A. The Piazzas' Additional Restatement Arguments

In the August 27 Opinion, I stated that "the Piazzas may amend their Complaint to allege facts showing that these Defendants voluntarily assumed a duty of care under Section 324 of the Second Restatement of Torts."[15] In opposing Gilmartin and Martines' motions to dismiss, the Piazzas make other arguments for liability under Sections 322 and 324A of the Second Restatement of Torts.[16]

---

[11] Federal Rule of Civil Procedure 12(b)(6).

[12] *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016).

[14] *Connelly*, 809 F.3d at 786.

[15] ECF No. 233 at 26.

[16] *See* ECF No. 260 ("Opposition to Gilmartin's Motion") at 7-9, 11-13; ECF No. 268 ("Opposition to Martines' Motion") at 7-10.

In this Memorandum Opinion, all "Section" references are to the Second Restatement of Torts.

A plaintiff's exceeding the scope of an order granting leave to amend is permissible when, as here, (a) the new information is closely related to what the plaintiff provided initially, (b) the "general theories of recovery remain the same," and (c) the defendants were not "deprived of an opportunity to respond to the new allegations."[17] Therefore, I will consider the Piazzas' other arguments for liability in resolving Gilmartin and Martines' motions to dismiss.[18]

### B. Gilmartin's and Martines' Liability Under Section 322

In opposing Martines' motion to dismiss, the Piazzas concede that they cannot argue that Martines is liable under Section 324.[19] Instead, they argue that Martines is liable under Section 322.[20] The Piazzas also argue that Gilmartin is liable under Section 322.[21]

Section 322 provides that if an "actor knows or has reason to know that by his conduct, whether tortious or innocent, he has caused such bodily harm to

---

[17] *Wallace v. Sys. & Computer Tech. Corp.*, No. CIV. A. 95-CV-6303, 1997 WL 602808, at *7 (E.D. Pa. Sept. 23, 1997).

[18] *Id.*; *see generally Evans Prod. Co. v. W. Am. Ins. Co.*, 736 F.2d 920, 924 (3d Cir. 1984) ("The primary consideration in determining whether leave to amend under Fed.R.Civ.P. 15(b) should be granted is prejudice to the opposing party. . . The principal test for prejudice in such situations is whether the opposing party was denied a fair opportunity to defend and to offer additional evidence on that different theory.") (citation omitted).

[19] The Piazzas' concession was correct. The Piazzas have not alleged that Martines "[took] charge of" Timothy. *See* Restatement (Second) of Torts § 322 (1964); FAC at ¶¶ 310-12.

[20] *See, e.g.*, Opposition to Martines' Motion at 12 ("Defendant Martines' reliance on Sections 323 and 324 are misplaced. Defendant Martines was under a duty to prevent further harm to Piazza pursuant to Section 322 of the Restatement.").

[21] Opposition to Gilmartin's Motion at 7-9.

another as to make him helpless and in danger of further harm, the actor is under a duty to exercise reasonable care to prevent such further harm."[22]

As I discussed in the August 27 Opinion, the Pennsylvania Supreme Court, in *Congini by Congini v. Portersville Valve Co.*, recognized the "social host" theory of liability in situations where the host was an adult and the guest was an individual under 21 years of age. In those situations, the Pennsylvania Supreme Court premised a defendant's liability on a negligence-*per-se* theory.[23] In *Herr v. Booten*, the Pennsylvania Superior Court then limited liability under Section 322 for a defendant who had furnished alcohol to a minor only if the defendant was "ultimately held liable to some extent for [the decedent's] death under the *Congini* decision"—that is, if the defendant was liable as a "social host" under *Congini*.[24] As I noted in the August 27 Opinion, in *Kapres v. Heller*, "the Pennsylvania Supreme Court held that the social host doctrine"—as *Congini* cognized it—"may not be used to hold minors liable for serving alcohol to other minors."[25]

Given the progression of *Congini*, *Herr*, and *Kapres*, neither Gilmartin nor Martines are liable under Section 322, because on February 2, 2017, they were both minors serving alcohol to another minor.[26] The Court accordingly grants

---

[22] Restatement (Second) of Torts § 322 (1965).

[23] *See* August 27 Opinion at 16-17.

[24] 580 A.2d 1115, 1121 (Pa. Super. 1990).

[25] August 27 Opinion at 17; *Kapres v. Heller*, 640 A.2d 888, 891 (Pa. 1994).

[26] *See* FAC at ¶¶ 28-29, 41-42.

Martines' motion to dismiss and dismisses Count III (after-the-fall negligence) as to Martines.

### C. Gilmartin's Liability Under Section 324

Section 324 states that:

One who, being under no duty to do so, takes charge of another who is helpless adequately to aid or protect himself is subject to liability to the other for any bodily harm caused to him by

> (a) the failure of the actor to exercise reasonable care to secure the safety of the other while within the actor's charge, or
>
> (b) the actor's discontinuing his aid or protection, if by so doing he leaves the other in a worse position than when the actor took charge of him.

The Piazzas allege that Gilmartin provided aid to Timothy by first discouraging other Alpha Upsilon members from seeking outside assistance, and then instructing and coordinating with other Alpha Upsilon members to themselves provide assistance or aid at the Alpha Upsilon fraternity house. Courts' rulings, and commentary to the Restatement, show that instruction, coordination or direction of this manner by a defendant meets Section 324 or analogous standards.[27] The Piazzas' allegations on this point are surely broad and general.

---

[27] *Wakulich v. Mraz*, 785 N.E.2d 843, 857 (Ill. 2003) (defendants' prevention of "calling 911 or seeking other medical care" was factor in finding Section 324 liability); *Shay v. Norwalk Taxi, Inc.*, No. FSTCV126012737S, 2013 WL 1277294, at *9 (Conn. Super. Ct. Mar. 7, 2013) (in Section 324 claim, allegations that defendants were "acting on their own initiative in defying [a third party's] recommendation to seek immediate medical care for the decedent and instead directing that he be transported to his home" sufficed); *Lindsey v. Miami Dev. Corp.*, 689 S.W.2d 856, 860 (Tenn. 1985) (defendant who instructed guests to wait before calling an ambulance "assumed control of the decedent and became obligated to exercise

But I draw inferences from the FAC (as I am required to do) in favor of the Piazzas. Given Gilmartin's leadership in Alpha Upsilon,[28] a "reasonable reading of the"[29] FAC points towards a finding that Gilmartin discouraged the pursuit of outside assistance and instructed and coordinated the activities that other individual fraternity members performed in allegedly trying to aid Timothy.[30] "[C]onsidering the early stage of this litigation, this Court finds [the Piazzas'] pleadings sufficient to survive [Gilmartin's] motion[] to dismiss."[31]

### D. Gilmartin's Liability Under Section 324A

Section 324A states that:[32]

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> > (a) his failure to exercise such care increases the risk of such harm, or

---

    reasonable care in rendering aid to her so as to not make her situation worse"); Restatement (Second) of Torts § 324 cmt. c, illus. 2 (1965) (company liable for "delay for several hours in sending for aid").

[28] *See* FAC at ¶¶ 99, 101.

[29] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[30] *See* FAC at ¶¶ 272-304.

[31] *C.K. v. Wrye*, No. 4:15-CV-00280, 2015 WL 7755676, at *4 (M.D. Pa. Dec. 2, 2015) (Brann, J.). *See also Watson v. Witmer*, 183 F. Supp. 3d 607, 613 (M.D. Pa. 2016) (general allegations ruled not conclusory and survived a motion to dismiss for failure to state a claim).

[32] Pennsylvania courts recognize Section 324A. *See, e.g.*, *Cantwell v. Allegheny County*, 483 A.2d 1350, 1353-54 (Pa. 1984).

> (b) he has undertaken to perform a duty owed by the other to the third person, or
>
> (c) the harm is suffered because of the other's reliance upon the undertaking.

The Piazzas argue that Gilmartin negligently undertook the planning of Bid Acceptance Night and contravened the fraternity's own regulations and risk management policies.[33] Pennsylvania courts have held that when a defendant undertakes to provide advice, direction, and supervision pursuant to a contract, but "fail[s] to assure that the established safety practices of its trade were followed," that is enough evidence of negligence under Section 324A's theory.[34] The Piazzas have made similar allegations here. They have, again, alleged enough to survive Gilmartin's motion to dismiss.[35]

---

[33] Opposition to Gilmartin's Motion at 12-13.

[34] *Printed Terry Finishing Co. v. City of Lebanon*, 372 A.2d 460, 467 (Pa. Super. 1977). *See generally Canipe v. Nat'l Loss Control Serv. Corp.*, 736 F.2d 1055, 1061 (5th Cir. 1984) (improper safety inspections as evidence of Section 324A negligence).

[35] Gilmartin argues that "alleged conduct of nonfeasance, the omission of an act, cannot result in imposition of personal liability on a corporate officer." *Shay v. Flight C Helicopter Servs.*, 822 A.2d 1, 18 (Pa. Super. 2003). This argument fails because the Piazzas alleged Gilmartin's misfeasance: "the improper performance of an act." *Id.* at 17.

## III. CONCLUSION

For the reasons discussed above, Gilmartin's motion to dismiss will be denied, and Martines' motion to dismiss will be granted. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge