**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES PIAZZA and EVELYN PIAZZA, Individually, and as Administrators of the ESTATE OF TIMOTHY J. PIAZZA, Deceased, | 4:19-CV-00180-MWB |
| Plaintiffs, | HONORABLE MATTHEW W. BRANN |
| v. | |
| BRENDAN YOUNG, DANIEL CASEY, BRAXTON BECKER, MICHAEL BONATUCCI, RYAN BURKE, JERRY COYNE, GARY DIBILEO, JR. JOSEPH EMS, CASEY FUNK, EDWARD JAMES GILMARTIN, III, CRAIG HEIMER, JONATHAN KANZLER, LARS KENYON, NICHOLAS KUBERA, JOSHUA KURCZEWSKI, JONATHAN MARTINES, ADAM MENGDEN, JOSHUA MONCKTON, JONAH NEUMAN, AIDAN O'BRIEN, DONALD PRIOR, MATTHEW REINMUND, LUCAS ROCKWELL, JOSEPH SALA, MICHAEL ANGELO SCHIAVONE, BOHAN SONG, LUKE VISSER, PARKER YOCHIM, and ST. MORTIZ SECURITY SERVICES, INC., | |
| Defendants. | |
| v. | |
| THE PENNSYLVANIA STATE UNIVERSITY, DAMON SIMS, ROY BAKER, DANNY SHAHA, HENRY T. BREAM, III, THE ALPHA UPSILON CHAPTER OF THE FRATERNITY BETA THETA PI, INC., THE PENNSYLVANIA STATE UNIVERSITY INTERFRATERNITY COUNCIL, BETA THETA PI, KORDEL DAVIS, RYAN FOSTER, FREDERICK STEIMLING, KYLE PECCI, STEPHEN DISKO and GREGORY RIZZO, | |
| Third Party Defendants. | |

# BRIEF IN SUPPORT OF THIRD-PARTY DEFENDANT KYLE PECCI'S F.R.C.P. 12(b)(6) MOTION TO DISMISS

AND NOW, come Third-Party Defendant, Kyle Pecci, by and through his attorneys, O'Malley & Magley, LLP and Stephen J. Magley, Esquire and files the following F.R.C.P. Brief in Support of his 12(b)(6) Motion to Dismiss:

## I.   STATEMENT OF FACTS

Plaintiffs' filed this action for personal injuries, wrongful death and survival on January 31, 2019 alleging fourteen (14) Counts of negligence, negligence per se, civil conspiracy, intentional infliction of emotional distress, battery, wrongful death and survival against twenty-nine (29) defendants including twenty-eight (28) members of the Alpha Upsilon Chapter of the Beta Theta Pi Fraternity at the Pennsylvania State University.  Various Defendants filed F.R.C.P. 12(b)(6) Motions which this Court decided by Memorandum Opinion and Order on August 27, 2019.

Plaintiffs filed their First Amended Complaint on September 16, 2019 against the same twenty-nine (29) defendants alleging thirteen (13) counts of negligence, negligence per se, civil conspiracy, intentional infliction of emotional distress, battery, wrongful death and survival.  On October 22, 2019, Craig Heimer, one of the original defendants, filed a Third-Party Complaint against fifteen (15) defendants including Kyle Pecci and five (5) additional members of the Alpha Upsilon Chapter of the Beta Theta Pi Fraternity at the Pennsylvania State University.

## II.   ALLEGATIONS AND CLAIMS DIRECTED AT THIRD-PARTY DEFENDANT KYLE PECCI

Plaintiffs never sued Kyle Pecci and did not mention Kyle Pecci in the Complaint or First Amended Complaint.  Defendant Heimer's Third-Party Complaint alleges Third-Party Defendant, Pecci was an active member of the Alpha Upsilon Chapter of the Beta Theta Pi Fraternity at the Pennsylvania State University.

> 24. *Third party defendant Kyle Pecci is an adult individual with an address of 324 Friendship Drive, Paoli, Pennsylvania, 19301.  Mr. Pecci was an active member of the Alpha Upsilon Chapter of the Beta Theta Pi Fraternity…*
>
> 117. *Third party defendant Kyle Pecci was a member of the Beta Theta Pi fraternity.*

*Third-Party Complaint, ¶¶24, 117.*

Defendant Heimer's Third-Party Complaint also alleges Third-Party Defendant Pecci was present at the fraternity house of the Alpha Upsilon Chapter of the Beta Theta Pi Fraternity at the Pennsylvania State University at the time of the incident described in Plaintiffs' Complaints.

> 24. *…[Mr. Pecci] was present at the Beta house at the time of the incident alleged in Plaintiffs' first amended complaint.*
>
> 120. *Mr. Pecci was present at the time of the incident alleged in Plaintiffs' first amended complaint.*

*Third-Party Complaint, ¶¶24, 120.*

Referencing fifty-six (56) paragraphs of Plaintiffs' First Amended Complaint, Defendant Heimer then states that certain fraternity members saw the decedent, Timothy Piazza visibly intoxicated and unconscious after a fall and failed to render aid or address Timothy Piazza's intoxication or injuries.

> 118. *Without admitting the same, Plaintiffs' first amended complaint in paragraphs 257 through 313, alleges that certain Fraternity Defendants saw Timothy Piazza in a state of visible intoxication and in a state of unconsciousness following his*

3

> *fall, and that the Fraternity Defendants failed to render aid, took insufficient actions to address Timothy Piazza's intoxication and took insufficient actions to address Timothy Piazza's alleged injuries.*

*Third-Party Complaint,* ¶118.

Defendant Heimer does not make any more factual averments about Third-Party Defendant Pecci in the Third-Party Complaint. These are the only paragraphs in the Third-Party Complaint referencing Kyle Pecci.

## III.    STANDARD OF REVIEW

Third Party Defendant Pecci incorporates by reference this Court's statement of the Standard of Review set forth in the August 27, 2019 Memorandum and Order pages 11-12.

## IV.    ARGUMENT

### A.    Count XII – Kyle Pecci - Negligence

Defendant Heimer sues Third-Party Defendant Pecci under a single count entitled "negligence." Defendant Heimer demands a right of contribution against Third-Party Defendant Pecci if he is found liable to Plaintiffs allegedly based upon Third-Party Defendant Pecci's membership in the fraternity and his presence at the fraternity house at the time of the incident described in Plaintiffs' Complaints.

Defendant Heimer makes no other factual averments even mentioning Third-Party Defendant Pecci other than to state he was a member of the Alpha Upsilon Chapter of the Beta Theta Pi Fraternity at Penn State and attended the party which is the subject of Plaintiffs' allegations.

Defendant Heimer references portions of Plaintiffs' First Amended Complaint alleging fraternity members were aware of Timothy Piazza's intoxication and failed to render aid. In those cited paragraphs, Defendant Heimer paraphrases their content stating certain Fraternity

Defendants saw Timothy Piazza in an intoxicated state. He does not allege Third-Party Defendant Pecci was one of the Fraternity members who saw Timothy Piazza in an intoxicated state.

Plaintiffs' allege in their Complaints, according to Defendant Heimer, that certain Fraternity members saw Timothy Piazza unconsciousness after his fall. The Third-Party Complaint does not allege Third-Party Defendant Pecci was one of those Fraternity members who saw Timothy Piazza unconsciousness after a fall.

Defendant Heimer believes paragraphs 257-313 of Plaintiffs' First Amended Complaint avers certain Fraternity members failed to render aid, took insufficient actions to address Timothy Piazza's level of intoxication and injuries. We know Plaintiffs did not sue Third-Party Defendant Pecci so Plaintiffs make no such allegations against Third-Party Defendant Pecci. And a careful reading of the Third-Party Complaint demonstrates Defendant Heimer also does not aver any facts demonstrating Third-Party Defendant Pecci failed to render aid, failed to address Timothy Piazza's level or intoxication or the extent of his injuries at the time of the events described in Plaintiffs' First Amended Complaint.

This Court, interpreting Restatement (Second) of Torts §§ 323, 324 and the Pennsylvania Superior Court in *Filter v. McCabe, 733 A.2d 1274* held that under Pennsylvania law, "…an individual may 'pass by on the other side' of an injured party without facing tort liability, a 'Good Samaritan' who stops to help incurs a duty to exercise reasonable care when doing so." *August 27, 2019 Memorandum Opinion, pages 22-23.* Applying this interpretation of Pennsylvania law to this case, this Court dismissed without prejudice the claims against four (4) original defendants where Plaintiffs' Complaint failed to allege facts demonstrating, plausibly, these four (4) defendants voluntarily undertook a duty of care to assist Timothy Piazza and may

have breached that duty by failing to engage professional medical help. *August 27, 2019 Memorandum Opinion, pages 25-26.*

Defendant Heimer's Third-Party Complaint as to Third-Party Defendant Pecci is equally lacking. Defendant Heimer makes no factual allegations where this Court may plausibly find Third-Party Defendant Pecci voluntarily assumed a duty of care to Timothy Piazza or breached that duty by failing to seek professional medical assistance. There are no facts demonstrating any physical interaction between Timothy Piazza and Third-Party Defendant Pecci. There are no facts sufficient to give rise to a duty of care upon Third-Party Defendant Pecci to Timothy Piazza and nothing in the Third-Party Complaint sets forth a claim upon which relief can be granted and all claims against Third-Party Defendant Pecci should be dismissed.

## V. CONCLUSION

For the above reasons, Third-Party Defendant, Kyle Pecci respectfully requests this Honorable Court enter an Order dismissing Defendant Heimer's Third-Party Complaint against him.

Respectfully submitted

O'MALLEY & MAGLEY, L.L.P.

Date: __12/23/2019__   By: __*s/Stephen J. Magley*__
STEPHEN J. MAGLEY, ESQUIRE
PA I.D. No.: 59990
5280 Steubenville Pike
Pittsburgh, PA 15205
(412) 788-1200
(412) 788-2008 – Facsimile
sjm@omalleyandmagley.com

*Counsel for Third-Party Defendant, Kyle Pecci*