IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES PIAZZA and
EVELYN PIAZZA,

    Plaintiffs,

v.

BRENDAN YOUNG, DANIEL CASEY, BRAXTON BECKER, MICHAEL BONATUCCI, RYAN BURKE, JERRY COYNE, GARY DIBILEO, JR., JOSEPH EMS, CASEY FUNK, EDWARD JAMES GILMARTIN, III, CRAIG HEIMER, JONATHAN KANZLER, LARS KENYON, NICHOLAS KUBERA, JOSHUA KURCZEWSKI, JONATHAN MARTINES, ADAM MENGDEN, JOSHUA MONCKTON, JONAH NEUMAN, AIDAN O'BRIEN, DONALD PRIOR, MATTHEW REINMUND, LUCAS ROCKWELL, JOSEPH SALA, MICHAEL ANGELO SCHIAVONE, BOHAN SONG, LUKE VISSER, PARKER YOCHIM, and ST. MORITZ SECURITY SERVICES, INC.,

    Defendants.

v.

THE PENNSYLVANIA STATE UNIVERSITY, DAMON SIMS, ROY BAKER, DANNY SHAHA, HENRY T. BREAM, III, THE ALPHA UPSILON CHAPTER OF THE FRATERNITY BETA THETA PI., INC, THE PENNSYLVANIA STATE UNIVERSITY INTERFRATERNITY COUNCIL, BETA THETA PI, KORDEL DAVIS, RYAN FOSTER, FREDERICK

No. 4:19-CV-00180

(Judge Brann)

STEIMLING, KYLE PECCI, STEPHEN
DISKO and GREGORY RIZZO,

      Third-Party Defendants.

**MEMORANDUM OPINION AND ORDER**

**JANUARY 30, 2020**

**I.    BACKGROUND[1]**

Craig Heimer is one of the original defendants in this multifaceted action. He has filed a third-party complaint (the "Heimer Complaint") against fifteen defendants, including members of the Alpha Upsilon Chapter of The Pennsylvania State University's Beta Theta Pi fraternity.[2] Kyle Pecci is one of the Alpha Upsilon third-party defendants. Heimer has targeted Pecci with one count: negligence.[3]

Pecci was an active member of the Alpha Upsilon Chapter. Pecci was also present at the Beta house at the time of the death of Timothy Piazza. Timothy was an Alpha Upsilon "pledge" who died during the fraternity's "Bid Acceptance Night" of February 2, 2017.[4]

The Heimer Complaint asserts that the original plaintiffs in this action, James and Evelyn Piazza (Timothy's parents), have alleged "that certain Fraternity

---

[1] The Court draws certain factual material in this section from the allegations in Craig Heimer's third-party complaint (ECF No. 305). At this stage of the litigation, the Court presumes that Heimer's factual allegations are true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (noting that, when considering a motion to dismiss, a court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]").

[2] ECF No. 305.

[3] ECF No. 305 at ¶¶ 116-22.

[4] ECF No. 305 at ¶ 24; *see generally* ECF No. 237.

Defendants saw Timothy Piazza in a state of visible intoxication and in a state of unconsciousness following his fall, and that the Fraternity Defendants failed to render aid, took insufficient actions to address Timothy Piazza's intoxication and took insufficient actions to address Timothy Piazza's alleged injuries." Heimer does not himself admit that these allegations by the Piazzas are true.[5] But he argues that if this Court determines "that any Defendants are liable to Plaintiffs, then it is averred that those Defendants are entitled to contribution from Kyle Pecci."[6] Heimer brings this negligence claim under Pennsylvania's Fair Share Act.[7]

Pecci now moves to dismiss the Heimer Complaint's negligence claim against him.[8] The Court denies Pecci's dismissal motion.

## II. DISCUSSION

When considering a motion to dismiss for failure to state a claim upon which relief may be granted,[9] a court assumes the truth of all factual allegations in the plaintiff's complaint and draws all inferences in favor of that party;[10] the court does not, however, assume the truth of any of the complaint's legal conclusions.[11] If a complaint's factual allegations, so treated, state a claim that is plausible—i.e., if they

---

[5]   ECF No. 305 at ¶ 118.

[6]   ECF No. 305 at ¶ 121.

[7]   ECF No. 305 at ¶ 122; 42 Pa.C.S.A. § 7102.

[8]   ECF No. 392.

[9]   Federal Rule of Civil Procedure 12(b)(6).

[10]  *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

[11]  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016).

allow the court to infer the defendant's liability—the motion is denied; if they fail to do so, the motion is granted.[12]

### A. Negligence of Fraternity Members under *Kenner*

Under *Kenner v. Kappa Alpha Psi Fraternity, Inc.*,[13] members of a fraternity owe a duty of care to protect their "pledges" from harm while these pledges are being initiated into the fraternity. And allegations of planning or participating in a fraternity's initiation are enough to trigger the breach and causation requirements of a negligence claim. I discussed this in my earlier Memorandum Opinion.[14]

Pecci argues that the Heimer Complaint's allegations against him are, to be charitable, bare.[15] But the United States Supreme Court has held that this United States District Court must "draw [any] reasonable inference that [a] defendant is liable for the misconduct alleged."[16] The Court can draw a reasonable inference from the Heimer Complaint's allegations that Pecci was a participant in Bid Acceptance Night. As I put it in my earlier Memorandum Opinion, "[d]iscovery may reveal that [Pecci's] conduct was blameless or insignificant such that [he is] entitled to summary judgment." But, at this early point in Heimer's third-party litigation, his allegations suffice under *Kenner* to defeat Pecci's dismissal motion.

---

[12] *Connelly*, 809 F.3d at 786.

[13] 808 A.2d 178, 181 (Pa. Super. Ct. 2002).

[14] ECF No. 233 at 12-22.

[15] ECF No. 393 at 4-6.

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. CONCLUSION

Under *Kenner*, Heimer has stated a plausible claim that Pecci was negligent.

**THEREFORE, IT IS HEREBY ORDERED** that Third-Party Defendant's Motion to Dismiss, December 23, 2019, ECF No. 392, is **DENIED.**

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge