# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES PIAZZA and EVELYN PIAZZA,　　Plaintiffs.　　v.　　BRENDAN YOUNG, *et al.*,　　Defendants.　　v.　　THE PENNSYLVANIA STATE UNIVERSITY, *et al.*,　　Third-Party Defendants. | No. 4:19-CV-00180　　(Judge Brann) |

## MEMORANDUM OPINION

### MAY 1, 2020

Craig Heimer, an original Defendant in this action, has claimed that Roy Baker, a former administrator at The Pennsylvania State University ("Penn State"), was negligent. Per Heimer, Baker should provide contribution if Heimer is found liable.[1] Other original and third-party Defendants have joined Heimer's complaint or filed their own contribution claims against Baker. (These additional filings do

---

[1] *See* Doc. 305 at ¶¶ 12, 45-51.

not include any substantive allegations against Baker beyond what is in Heimer's third-party complaint.)[2]

## I. FACTS RELEVANT TO BAKER'S MOTION TO DISMISS[3]

Baker was employed by Penn State as the Director of Student and Fraternity Life from approximately 2007 to October 2015.[4]  Another Penn State official, Danny Shaha, took over the position of Director of Student and Fraternity Life from Baker in 2015.[5]

## II. DISCUSSION

When considering a motion to dismiss for failure to state a claim upon which relief may be granted,[6] a court assumes the truth of all factual allegations in the plaintiff's complaint and draws all inferences in favor of that party;[7] the court does

---

[2] *See* Docs. 310, 317, 319, 332, 374, 381, 383, 412, 417.  As the accompanying Order fleshes out, the Court's references to "Heimer's claim" – as well as the Court's disposition of Baker's motion – encompass *all* current claims against Baker in this action.

[3] At this stage, I presume these allegations are true.  I draw all inferences from them in favor of Heimer. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (noting that, when considering a motion to dismiss, a court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]").

[4] Doc. 305 at ¶ 12.

[5] Doc. 305 at ¶¶ 13-14.  Heimer makes other conclusory allegations about Baker's awareness of, and failure to act on, fraternities' "reports of excessive alcohol consumption, underage drinking and hazing." Doc. 305 at ¶¶ 48-49.  The Court is not required to accept these allegations as true.

[6] Federal Rule of Civil Procedure 12(b)(6).

[7] *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

not, however, assume the truth of any of the complaint's legal conclusions.[8] If a complaint's factual allegations, so treated, state a claim that is plausible – i.e., if they allow the court to infer the defendant's liability – the motion is denied; if they fail to do so, the motion is granted.[9]

### A. Legal Standards for a Negligence Claim

For a plaintiff to make out a claim of negligence under Pennsylvania law, that plaintiff must allege a cognizable legal duty, breach of that duty, and an adequate "causal connection" between that breach and the resulting duty.[10]

### B. Analysis

Heimer's claim fails because Heimer has not adequately alleged a breach or an adequate causal connection.[11] With respect to breach, Heimer makes conclusory allegations that Baker, "in his capacity as the Director of Student and Fraternity Life," "was aware of reports of excessive alcohol consumption, underage drinking and hazing that were allegedly occurring at fraternities on Penn State's campus" but "failed to take steps to address the alleged conditions."[12] As

---

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016).

[9] *Connelly*, 809 F.3d at 786.

[10] *Garlick v. Anadarko Petroleum Corp.*, No. 12-cv-1166, 2017 WL 3485738, at *6 (M.D. Pa. Aug. 15, 2017).

[11] Baker also argues that Heimer has not adequately alleged that Baker had a cognizable legal duty. Because the Court has found two other free-standing reasons to dismiss Heimer's claim, for reasons of judicial economy, the Court will not analyze the "legal duty" argument at this juncture.

[12] Doc. 305 at ¶¶ 48-49.

Heimer concedes, he has provided next to no specificity as to "[w]hat [Baker's] specific duties were and whether or not there was a breach of those duties."[13]

I find that Heimer's pleading requires too much speculation as to how Baker went about breaching a legal duty. Simply put, Heimer has not "raise[d] a right to relief above the speculative level."[14] As such, Heimer has not alleged a breach of duty.

With respect to a causal connection, under Pennsylvania law and the Restatement, I weigh the following three considerations: (1) "the number of factors other than the actor's conduct that contributed to producing the harm and the extent of their contribution"; (2) "whether the actor's conduct created a force or series of forces that were in continuous and active operation up to the time of the harm, or created a situation harmless unless acted upon by other forces for which the actor is not responsible"; and (3) "the lapse of time between the actor's conduct and the harm."[15] I find this case analogous in a broad fashion to another case involving

---

[13] Doc. 448 at 6.

[14] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Deitrick v. Costa*, No. 4:06-CV-01556, 2015 WL 1606641, at *13 (M.D. Pa. Apr. 9, 2015) (plaintiff failed to state claim by failing to allege "particular [violative] conduct"); *Cohn v. Pennsylvania State Univ.*, No. CV 19-2857, 2020 WL 738496, at *10 (E.D. Pa. Feb. 12, 2020) (plaintiff failed to state claim when plaintiff provided no allegations about "how [defendant] breached . . . contractual duties"); *O'Boyle v. Braverman*, No. CV 08-553, 2008 WL 11381906, at *12 (D.N.J. Aug. 12, 2008), *aff'd*, 337 F. App'x 162 (3d Cir. 2009) (plaintiff failed *Twombly* test when defendant was forced to "speculate as to what specific conduct or decision constitutes an alleged breach of his duty of care")

[15] *Garlick*, 2017 WL 3485738, at *15.

bad actors in a school environment: *Pascocciello v. Interboro School District*, in the Eastern District of Pennsylvania.[16]

*Pascocciello* dealt with a school principal's unfortunate abuse of a student. The student sued, among others, an individual who had written a letter of recommendation for the principal years earlier. For factor (1), the court found that "the most direct and more important factor" in causing the injury was the abuse itself. For factor (2), the court found that the recommender's letter did not create the requisite "force or series of forces"; rather, it created "a situation which needed to be acted upon" by others. For factor (3), the court found that there was a "lengthy lapse of time" between the letter and the harm.[17]

Here, like *Pascocciello*, "the most direct and more important factor" in causing the Piazzas' injuries was the conduct of the original Defendants in this action. Any conduct by Baker created only "a situation which needed to be acted upon" by the original Defendants. And there was a "lengthy lapse of time" between 2015, when Baker relinquished his position as Director of Student and Fraternity Life, and the 2017 tragic events that precipitated this action. With these three considerations in place, I find that Heimer has not alleged a causal connection adequate to make out a negligence claim.

Each of these two failures provides an independent basis for dismissal.

---

[16]   2006 WL 1284964 (E.D. Pa. May 8, 2006).

[17]   *Id.* at *11.

## III. CONCLUSION

For the reasons discussed above, the Court will grant Baker's Motion to Dismiss. The Court will afford Heimer leave to amend.[18] An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[18] "The Federal Rules of Civil Procedure do not address the situation in which a deficiency in a complaint could be cured by amendment but leave to amend is not sought. . . . Circuit case law, however, holds that leave to amend must be given in this situation as well." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).