## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES PIAZZA, *et al.*,

       Plaintiffs,

    v.

BRENDAN YOUNG, *et al.*,

       Defendants.

No. 4:19-CV-00180

(Judge Brann)

## MEMORANDUM OPINION

### NOVEMBER 6, 2020

## I.  BACKGROUND

Defendant Adam Mengden moved to quash a subpoena served by Plaintiffs seeking discovery from the Pennsylvania Office of the Attorney General ("OAG").[1] Mengden argues that allowing the OAG to comply with this subpoena would violate the Pennsylvania Criminal History Records Information Act ("CHRIA").

Mengden asks this Court to issue an Order quashing the subpoena.[2] Plaintiffs raise multiple arguments in support of the propriety of their subpoena. The motion is now ripe for disposition; for the reasons that follow, it is granted.

---

[1]  Doc. 482.

[2]  A number of codefendants have joined in Mengden's motion with respect to any investigative materials the OAG intends to produce relating to them.

## II.    DISCUSSION

### A.    Discovery in Federal Court.

Federal Rule of Civil Procedure ("FRCP") 26 entitles parties to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[3]  Such information "need not be admissible in evidence to be discoverable."[4]  "Rule 26(b)(1) establishes a liberal discovery policy."[5]

Parties often seek discovery through the use of subpoenas pursuant to FRCP 45.  Discovery may be limited, however, if the Court determines that "the proposed discovery is outside the scope permitted by Rule 26(b)(1)."[6]  FRCP 45 further provides that, on timely motion, the District Court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies . . ."[7]  The burden to establish that FRCP 45 has been satisfied falls on Mengden.[8]

The CHRIA prohibits criminal justice agencies from disseminating investigative information to any third party that is not also a criminal justice

---

[3]   Fed. R. Civ. P. 26(b)(1).
[4]   *Id.*
[5]   *Ruddy v. Polaris Indus., Inc.*, 2019 WL 319805 (M.D. Pa. Jan. 24, 2019) (citing *Great West Life Assurance Company v. Leviathan*, 152 F.R.D. 494-97 (E.D. Pa. 1994)).
[6]   Fed. R. Civ. P. 26(b)(2)(C)(iii).
[7]   Fed. R. Civ. P. 45(d)(3)(A)(iii).
[8]   *Behne v. Halstead*, 2014 WL 4672486 at *3 (M.D. Pa. Sept. 18, 2014).

agency.[9]  Investigative information is defined as any "[i]nformation assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal wrongdoing...."[10]

Mengden contends that the subpoena served on the OAG is improper. According to Mengden, this subpoena "asks the [OAG] to violate the [CHRIA] . . . which it is bound to uphold as a criminal justice agency . . ."[11]  Mengden asserts that Plaintiffs are not entitled to "investigative information" under that statute, and therefore, "such information falls outside the permissible scope of discovery under the Federal Rules of Civil Procedure . . ."[12]

## B.    Standing

The Court must, in the first instance, determine whether Mengden has standing to pursue a motion to quash Plaintiffs' subpoena.  "In general, a party does not have standing to quash a subpoena served on a third party.  An exception to this rule permits a party to move to quash when it claims some personal right or

---

[9]    18 Pa. C.S.A. § 9106(c)(4).    "Investigative and treatment information shall not be disseminated to any department, agency or individual unless the department, agency or individual requesting the information is a criminal justice agency which requests the information in connection with its duties, and the request is based upon a name, fingerprints, modus operandi, genetic typing, voice print or other identifying characteristic."

[10]    18 Pa. C.S.A. § 9102.

[11]    Doc. 483 at 2.

[12]    *Id*. at 3.

privilege in respect to the subject matter of a subpoena duces tecum directed to a nonparty."[13]

Of course, the "mere fact that a third-party subpoena seeks information about a party's conduct would likely not suffice to give that party a 'personal interest' in the subject matter of the subpoena."[14]  Accepting the contrary position would cause the exception to "swallow the rule, as presumably, many (if not most) third-party subpoenas seek information concerning one of the other parties in the case, or information through which one party might affect another party's position in the case."[15]  The parties dispute whether Mengden has established a personal interest or privilege in the information sought by Plaintiffs from the OAG.[16]

The Court finds that Mengden has standing to bring this challenge because he has a personal interest in at least some of the information in the possession of the OAG.  Courts have found a personal interest in cases with subpoenas seeking records of confidential business operations,[17] an LLC's financial records,[18] and personal employment records.[19]  The Court finds that Mengden has at least as

---

[13]   *Davies By and Though Davies v. Lackawanna County*, 2018 WL924205 at *7 (M.D. Pa. Feb. 14, 2018) (quoting *Kida v. Ecowater Sys. LLC*, 2011 WL 1883194 at *2 (E.D. Pa. May 17, 2011)) (emphasis added).

[14]   *Green v. Cosby*, 216 F.Supp.3d 560, 564 (E.D. Pa. 2016).

[15]   *Id*.

[16]   As discussed in greater detail below, the Court finds that the CHRIA does not create a privilege.  Therefore, the Court limits its discussion on standing to whether Mengden has established a personal interest in the subject matter of the subpoena.

[17]   *Lakeview Pharmacy of Racine, Inc. v. Catamaran Corp.*, 2017 WL 4310221 at *5 (M.D. Pa. Sept. 28, 2017).

[18]   *Schmulovich v. 1161 Rt. 9 LLC*, 2007 WL 2362598 at *2 (D. N.J. Aug. 15, 2007).

[19]   *Behne v. Halstead*, 2014 WL 4672486 at *3 (M.D. Pa. Sept. 18, 2014).

much of a personal interest in records from a criminal investigation into him –
which appears to have been based, at least in part, on a review of his private
property – as, for example, a business would have in its financial records.

I further agree that Mengden should not be punished for his "inability to
more precisely identify materials in the OAG file,"[20] given he does not have access
to that file.  To be clear, the Court rejects Mengden's argument that the private
right of action established by the CHRIA *per se* establishes standing to challenge a
subpoena served on a third party.  The statute allows a "person aggrieved by" a
violation of the CHRIA to file a civil law suit to redress *that* injury – a separate
issue.  The statute does, however, provide further support for the argument that
Mengden has a legitimate interest in these materials, as the General Assembly has
seen fit to make them confidential.  Taken together, Mengden has sufficiently
stated a personal interest to support a finding of standing.

### C.   The Pennsylvania Criminal History Records Information Act Does Not Create a Privilege.

FRCP 45 requires quashal of a subpoena that "requires disclosure of
privileged or other protected matter, if no exception or waiver applies."  The next
question for the Court is which law governs a claim of privilege in this case.  In
federal court, privilege is assessed under Federal Rule of Evidence ("FRE") 501.
That rule provides:

---

[20]   Doc. 518 at 4.

> The common law — as interpreted by United States courts in the light of reason and experience — governs a claim of privilege unless any of the following provides otherwise: the United States Constitution; a federal statute; or rules prescribed by the Supreme Court. But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

This civil case was brought under the Court's diversity jurisdiction.[21]  Therefore, state law governs privilege claims here, and many of the cases cited by Plaintiffs are inapposite, as they were based on federal question jurisdiction.

"When we interpret state statutes, decisions of the state's highest court bind us."[22]  The Supreme Court of Pennsylvania has not answered whether the CHRIA creates a privilege or merely imposes a duty of confidentiality.  Other courts have noted the same.[23]  When there is no decision from the authoritative court of a state, a federal court sitting in diversity must endeavor to "determine how the highest court of the State would decide an issue."[24]  Unsurprisingly, both parties rely on decisions from lower courts in Pennsylvania for support of their respective positions.  While I consider these decisions, they are "not controlling . . . where the highest court of the State has not spoken on the point."[25]

First, the CHRIA does not use the word "privilege" in describing the obligations imposed on criminal justice agencies.  Second, I agree with the

---

[21]  Doc. 237 at ¶ 69.

[22]  *Oehlmann v. Metropolitan Life Ins. Co.*, 644 F.Supp.2d 521, 530 (M.D. Pa. 2007).

[23]  *Zielinski v. Mega Manufacturing, Inc.*, 2019 WL 6353203 at *3 (E.D. Pa. Nov. 26, 2019).

[24]  *Warriner v. Stanton*, 475 F.3d 497, 505 n.5 (3d Cir. 2007) (quoting *Commissioner of Internal Revenue v. Estate of Bosch*, 387 U.S. 456, 464-65 (1967)).

[25]  *Commissioner of Internal Revenue v. Estate of Bosch*, 387 U.S. 456, 465 (1967).

reasoning in *Zielinski v. Mega Manufacturing, Inc.*, in which the Honorable Joshua D. Wolfson of the Eastern District of Pennsylvania considered whether the CHRIA created a privilege.[26]  Like this case, that matter involved state law claims.  Like Judge Wolfson, I find that the CHRIA does not create a privilege, as the word was understood when FRE 501 was adopted.  A privilege may be waived by the party holding it.[27]  That is not so in this case.  The CHRIA "does not give criminal justice agencies a benefit or advantage, nor does it release them from any obligation. Instead, it <u>imposes</u> on them a duty of confidentiality."[28]  However, "[s]tatutory provisions providing for duties of confidentiality do not automatically imply the creation of evidentiary privileges binding on courts."[29]  Accordingly, while I find that the CHRIA imposes a duty of confidentiality prohibiting the dissemination of investigative materials, it does not create a privilege in those materials that Mengden can invoke.

>    **D.**  **Despite the Absence of a Privilege, the Court Finds Reason to Prohibit Production of Investigative Materials.**

The cases cited by both parties agree that, at a minimum, the CHRIA imposes a duty of confidentiality.  While, as noted above, this does not establish a privilege, the Court finds that this duty of confidentiality leads to the conclusion that any investigative materials at issue constitute "other protected matter" under

---

[26]  2019 WL 6353203 (E.D. Pa. Nov. 26, 2019).

[27]  *Id*. at *3.

[28]  *Id*. (Emphasis added).

[29]  *Pearson v. Miller*, 211 F.3d 57, 68 (3d Cir. 2000).

FRCP 45, such that this Court must quash or modify the subpoena. When state law protects the confidentiality of certain material, "a plain reading of Rule 45 reflects that a court may properly prohibit disclosure by quashing [or modifying] a subpoena seeking such information."[30] Furthermore, "a substantive state law protecting the confidentiality of certain matter poses no conflict with Rule 45,"[31] because based on the text of the rule, "it is apparent that Rule 45 was not enacted to require disclosure of all material."[32]

The CHRIA protects the confidentiality of investigative materials by prohibiting their disclosure. Even though there is no *privilege* that may be used to "bar the production of the documents at issue, the Court is mindful that the Pennsylvania General Assembly has concerns about maintaining the confidentiality of documents that relate to a criminal investigation."[33] The Court finds that such information qualifies as "otherwise protected matter," requiring quashal of the subpoena. By prohibiting the dissemination of this material, the Court enforces the text of the statute, and thereby, the intent of the legislature. Additionally, there is no conflict between this state law and FRCP 45, which governs the motion to quash. Therefore, the subpoena is quashed and must be modified to exclude any investigative information that would have otherwise been produced by the OAG.

---

[30]  *Lee v. Global Tel*Link Corp.*, 2017 WL 10575166 at *9 (C.D. Cal. Sept. 6, 2017).
[31]  *Id.*
[32]  *Id.* (Emphasis in original).
[33]  *Zielinski v. Mega Manufacturing, Inc.*, 2019 WL 6353203 at *3 (E.D. Pa. Nov. 26, 2019).

**E.      The Court's Ruling Extends to the Defendants Who Have Joined Mengden's Motion.**

A number of Defendants have filed letters with the Court joining in Mengden's motion to quash the subpoena and adopting the reasoning in the motion.  The Court applies the same reasoning as to each of those Defendants and holds that no investigative materials related to those Defendants may be produced. Furthermore, the Court acknowledges Plaintiff's objection to Defendant Yochim's motion for joinder in Mengden's motion to quash.  While the Court is displeased with Yochim's handling of that motion and advises him – and all Defendants – to proceed carefully with regard to their filings in the future, and to ensure compliance with every applicable rule, it would nevertheless be counterintuitive to grant the motion to quash as to all Defendants *except* for Yochim, when Yochim was the only other Defendant to formally file a motion.  Accordingly, Yochim's motion for joinder in Mengden's motion to quash is granted.[34]

---

[34]   Defendants' request for a protective order is denied as moot.

## III.   CONCLUSION

While the CHRIA does not create a privilege against disclosure of investigative materials, it does create a duty of confidentiality such that this Court believes it must quash the subpoena, as mandated by FRCP 45.  Plaintiffs may serve a new subpoena in accordance with the following Order.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge