IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES PIAZZA, *et al.*, | No. 4:19-CV-00180 |
| Plaintiffs, | (Judge Brann) |
| v. | |
| BRENDAN YOUNG, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

**JUNE 2, 2021**

**I.    BACKGROUND**

Multiple discovery disputes are pending before the Court now.  Plaintiffs want discovery from five distinct sources: two Defendants and three third parties. Several Defendants objected, arguing that the Pennsylvania Criminal History Records Information Act ("CHRIA") prohibits the dissemination of this discovery. Plaintiffs have moved to compel certain discovery, and Defendants have moved to quash several subpoenas.[1]  The Court previously addressed one discovery issue relating to CHRIA in this action.[2]  I now consider further questions from the parties regarding the merits of their discovery disputes.

---

1    *See* Doc. 550, Doc. 582, and Doc. 585.
2    *See Piazza v. Young*, 2020 WL 6544979 (M.D. Pa. Nov. 6, 2020).

## II. RELEVANT DISCOVERY RULES

Federal Rule of Civil Procedure 26 entitles parties to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[3] Such information "need not be admissible in evidence to be discoverable."[4] "Rule 26(b)(1) establishes a liberal discovery policy."[5] Parties may seek discovery under Federal Rule of Civil Procedure 34, through requests for production. The Court's discretion in resolving discovery disputes is limited by the factors established by Rule 26: privilege, relevance, and proportionality.

Parties also seek discovery from third parties using subpoenas pursuant to Rule 45. Discovery may be limited, however, if the Court determines that "the proposed discovery is outside the scope permitted by Rule 26(b)(1)."[6] Rule 45 further provides that, on timely motion, the District Court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies . . . ."[7] In an earlier memorandum opinion, this Court quashed a subpoena issued by Plaintiffs, finding that the discovery sought constituted "other protected matter" under Rule 45.

---

[3] Fed. R. Civ. P. 26(b)(1).
[4] *Id*.
[5] *Ruddy v. Polaris Indus., Inc.*, 2019 WL 319805 (M.D. Pa. Jan. 24, 2019) (citing *Great West Life Assurance Company v. Leviathan*, 152 F.R.D. 494-97 (E.D. Pa. 1994)).
[6] Fed. R. Civ. P. 26(b)(2)(C)(iii).
[7] Fed. R. Civ. P. 45(d)(3)(A)(iii).

## III. ANALYSIS

### A. Discovery Requested Under Rule 26 Will be Permitted

The discovery Plaintiffs seek using Rule 26 will be produced. There is no dispute that this information is relevant to the matter and proportional to the needs of the case. To the extent that any of Defendants still suggest that CHRIA creates a privilege that must be recognized here, this argument has already been addressed and rejected by this Court and various others.[8] As I noted during my last go-around with the parties, the Pennsylvania Supreme Court has not addressed whether CHRIA creates a privilege.[9] After reviewing relevant persuasive case law from other courts and conducting my own analysis, I determined that CHRIA does not create a privilege. Again, Rule 26 entitles a party to discovery on any nonprivileged matter that is relevant and proportional to the needs of the case.

Thus, Plaintiffs have satisfied all the requirements to access this discovery under Rule 26, but Defendants argue that CHRIA's prohibition against criminal justice agencies disseminating information applies with equal force to every individual in the Commonwealth. This argument is unconvincing, in part because

---

[8] This is true in both diversity jurisdiction and federal question jurisdiction cases. *See, e.g.*, *Piazza v. Young, et al.*, 2020 WL 6544979 (M.D. Pa. Nov. 6, 2020); *Zielinski v. Mega Manufacturing, Inc.*, 2019 WL 6353203 (E.D. Pa. Nov. 26, 2019); *Shetayh v. State Farm Fire and Casualty Co.*, 2020 WL 6817325 (E.D. Pa. Nov. 20, 2020); *Carusone v. Kane*, 2017 WL 5900429 (M.D. Pa. Nov. 30, 2017).

[9] In recent years, the Superior Court of Pennsylvania also turned down the opportunity to evaluate whether CHRIA creates a privilege or merely a duty of confidentiality. *See In re Subpoenas in Case of Mielcarz v. Pietzsch*, 2018 WL 3113916, at *6 (Pa. Super. Ct. June 22, 2018) ("We explicitly decline to opine on whether CHRIA's nondisclosure requirement is a privilege or whether it merely ensures confidentiality of information.").

the text of the statute is potentially subject to more than one interpretation, but more importantly, because Defendants' position ignores the fact that this Court "must resolve any conflict between Rule 26 and CHRIA in favor of discoverability under Rule 26."[10] Absent CHRIA, there appears to be little question that the information Plaintiffs asked for would be discoverable. And as other courts have noted, CHRIA does not "remove the material from the scope of discoverable matter under Federal Rule 26."[11] Therefore, Plaintiffs are entitled to discovery from Joshua Kurczewski and Alpha Upsilon.

Defendants' equivocal suggestion that attorney-client privilege and work product immunity "may" prevent disclosure also fails.[12] First, it is unclear precisely how the attorney-client privilege would apply to documents provided by the Pennsylvania Office of Attorney General. The fact that those documents were received in the course of a criminal investigation does not necessarily imply that

---

[10] *Zielinski*, 2019 WL 6353203 at *3 (quoting 32 Am. Jur.2d Federal Courts § 298 ("Where there is a conflict or collision between state law and the Federal Rules of Civil Procedure, the state law must give way if the federal rule is otherwise constitutional and within the scope of the Rules Enabling Act.")).

[11] *Shetayh*, 2020 WL 6817325 at *4. This rule is certainly not exclusive to CHRIA. The United States Court of Appeals for the Third Circuit has affirmed that a duty of confidentiality does not, *ipso facto*, create an evidentiary privilege. *See Pearson v. Miller*, 211 F.3d 57, 68 (3d Cir. 2000). And federal courts have repeatedly recognized that "records that are considered protected under a statute are not necessarily privileged for discovery purposes" when discussing various state and federal statutes. *Jackson v. Willoughby Eastlake Sch. Dist.*, 2018 WL 1468666 at *2 (N.D. Ohio Mar. 23, 2018) (discussing the Family Educational Rights and Privacy Act); *see also Lei Ke v. Drexel Univ.*, 2014 WL 1100179, at *5 (E.D. Pa. Mar. 20, 2014) ("FERPA does not create a privilege").

[12] *See* Doc. 552 at 16. Defendants' failure to firmly stake out a position makes evaluating this argument more difficult than necessary.

they would be covered by the attorney-client privilege.  In any event, claims of privilege must be invoked "document by document, rather than as a single, blanket assertion."[13]  For the moment, this claim of privilege is insufficient.  Should Defendants maintain that the attorney-client privilege applies to any of the documents requested, they will produce a privilege log at the same time as this production that sufficiently outlines the basis of their privilege claim and allows Plaintiffs to challenge the assertion, should they choose to.[14]

The claim of work-product immunity is even more nebulous.  Defendants fail to explain that argument at all, mentioning it only in passing.  Generally, "the work-product privilege applies only to those documents created by a party to the present litigation."[15]  Defendants do not assert that they created any of the challenged materials, or that those materials were created for them.  The entire premise of their argument is that a criminal justice agency made or compiled these materials during its investigation.  So the Court is left to wonder how work-product immunity would preclude the discovery of these materials.  Once again, however, that question should be resolved with the assertion of work-product immunity as to individual documents, in the form of a log, rather than a vague invocation of the doctrine.  As far as discovery under Rule 26 is concerned, Plaintiffs have shown

---

[13]  *United States v. Rockwell Int'l*, 897 F.2d 1255, 1265 (3d Cir. 1990).
[14]  *See Warluft v. Milton Hershey School and School Trust*, 2018 WL 3995697 at *6 (M.D. Pa. Aug. 21, 2018) (describing the requirements for an adequate privilege log).
[15]  *Bolus v. Carnicella*, 2020 WL 6531007 at *4 (M.D. Pa. Nov. 5, 2020).

their entitlement to all relevant, nonprivileged information in Defendants' possession.

Defendants suggest that this Court's prior opinion on the interplay between federal discovery rules and CHRIA prohibits disclosure of the information sought from Defendants.[16] This argument ignores the specific context of the previous discovery dispute, which was adjudicated under Rule 45's standard for a motion to quash a third-party subpoena. The Court strongly disagrees with Kurczewski's characterization of the difference between Rules 26 and 45 as "minor" and "immaterial."[17] The text of each rule matters, as does the standard applied to discovery disputes under each. Rule 26 requires a different analysis entirely and leads to a different result.

**B.    Discovery Requested Under Rule 45 Will be Denied**

Plaintiffs also want discovery from Michael J. Engle, Esq. and Michael P. Leahey, Esq., as well as the Pennsylvania OAG. Mr. Engle has an attorney-client relationship with Defendant DiBileo, while Mr. Leahey has a similar relationship with Defendant O'Brien. The OAG compiled information on several Defendants during its criminal investigation after Timothy Piazza's death. The circumstances under which Mr. Engle and Mr. Leahey came to possess these materials (through their attorney-client relationships with certain Defendants) lead the Court to

---

[16] *See Piazza v. Young, et al.*, 2020 WL 6544979 (M.D. Pa. Nov. 6, 2020).
[17] Doc. 552 at 4 n. 3.

believe that the information is still subject to quashal, as is the same information sought from the OAG.

I do not consider whether CHRIA's duty of confidentiality extends to third parties who are not criminal justice agencies, as the parties encourage the Court to. Instead, I simply find that the attorney-client relationship here suggests the information shared with legal counsel by the OAG still constitutes "other protected matter" under Rule 45 and therefore, this Court must quash the subpoena insofar as it seeks investigative information. I also note that Plaintiffs' analogies to physical medical records, while compelling, are insufficient to overcome Defendants' citations to case law suggesting that the video records should be considered investigative information, and therefore, protected matter under Rule 45. To the extent Plaintiffs' subpoena to the OAG also seeks similar video, that subpoena will also be quashed for the same reasons discussed here and in my previous memorandum opinion.

> **C. The Pending Criminal Matters Do Not Support a Complete Bar on Discovery**

Defendants Young and Casey raised concerns particular to them, due to their pending criminal actions. They suggest that: (1) their due process rights may be endangered; (2) the Commonwealth has an interest in protecting the integrity of its investigation; and (3) this discovery might be subject to expungement, which

would make its release inappropriate.[18] None of these arguments justify denying Plaintiffs this discovery, but do suggest that the Court should take steps to prevent further disclosure of this information.

First, the Court is sensitive to the concerns a civil defendant may have while he also has criminal matters pending. It appears, however, that a protective order would satisfy the concerns of Defendants Young and Casey. Second, neither this Court nor any of the parties in this action speak for the Commonwealth; Defendants cannot invoke the Commonwealth's interest in ensuring the effectiveness of its investigations to quash these subpoenas. And third, it is at least speculative to suggest that the investigative information at issue would be subject to expungement. CHRIA provides that criminal history record information may be expunged, but as the parties note throughout their filings, criminal history record information does not include investigative information.[19] As this argument conflates criminal history record information and investigative information, and Young and Casey provide no other grounds for this Court to find that this evidence would be expunged, I am not convinced that this concern warrants preclusion of this discovery.[20]

---

[18] *See* Doc. 553.
[19] 18 Pa.C.S. § 9122; 18 Pa.C.S. § 9102.
[20] Young and Casey rely on *Benedict v. McMahon*, 315 F.R.D. 447 (E.D. Pa. 2016). That case involved criminal history record information that was supposed to have been expunged but had not yet been. This situation is distinct because the parties are not arguing over criminal history record information, but rather investigative information, which is not subject to expungement.

Nevertheless, as I noted, I am sensitive to Defendants' concerns. My accompanying Order will outline procedures for the parties to control the dissemination of the permitted discovery.

## IV. CONCLUSION

Plaintiffs are entitled to the discovery they seek under Rule 26 from Defendants Kurczewski and Alpha Upsilon. Procedures will be put in place for the privacy concerns of Defendants related to that discovery. Plaintiffs will not receive the video discovery they seek under Rule 45 from the OAG, Mr. Leahey, or Mr. Engle.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge