IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES PIAZZA, *et al.*, | No. 4:19-CV-00180 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| BRENDAN YOUNG, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

OCTOBER 14, 2022

In this wrongful death action concerning a fraternity hazing fatality, the Defendants seek a protective order prohibiting the parties from using the deposition transcripts, exhibits, and recordings from this case outside this litigation. Their concerns relate to the ongoing criminal proceedings against two individual Defendants based on the same events at issue here. Given the factual parallels between the open criminal cases and the instant suit, the Court finds that the Defendants have established good cause for the protective order. The Defendants' motion is granted.

I.   BACKGROUND

On February 4, 2017, The Pennsylvania State University student Timothy Piazza died due to complications associated with injuries he sustained at a "bid acceptance night" held by the Alpha Upsilon Chapter of the Beta Theta Pi

fraternity.[1] Timothy Piazza's parents, James and Evelyn Piazza, initiated this wrongful death action against members of the fraternity, among other parties, on January 31, 2019.[2]

Alongside the instant civil suit, a number of individual Defendants were indicted in the Court of Common Pleas of Centre County for their alleged involvement in the events surrounding Timothy Piazza's death.[3] Although certain individual Defendants are no longer subject to criminal proceedings,[4] the criminal cases against defendants Brendan Young and Daniel Casey are ongoing.[5]

Following preliminary motion practice in the civil litigation, the parties prepared for discovery. Relevant here, in their Revised Joint Case Management Plan, filed on February 28, 2020, the parties agreed that "[d]ue to the ongoing nature of the criminal action," certain materials, such as the video footage from the fraternity house on the night of the incident, "should be subjected to a protective order to limit their dissemination beyond this civil litigation."[6] The Court then issued its standard Case Management Order and opened discovery on March 10, 2020.[7]

---

[1] Doc. 237 ¶¶ 96–98, 155–62, 261–317.
[2] Doc. 1. The Piazzas amended their complaint on September 24, 2019. Doc. 237.
[3] *See* Doc. 213-1 (Criminal Dockets, printed June 24, 2019).
[4] *See, e.g.*, Doc. 377 (criminal proceedings against Defendant Aidan O'Brien completed); Doc. 527 (criminal proceedings against Bohan Song completed); Doc. 579 (criminal proceedings against Braxton Becker completed).
[5] *See* Doc. 673 (Aug. 11, 2022, Status Report of Criminal Proceedings of Defendant Casey); Doc. 674 (Aug. 11, 2022, Status Report of Criminal Proceedings of Defendant Young).
[6] Doc. 428 at 26 n.8.
[7] Doc. 439.

Discovery proved contentious, with the parties filing a multitude of competing discovery motions.[8] On June 2, 2021, the Court resolved several discovery motions with an Order providing, among other things, that "[a]ny [p]arty that receives any document or file marked as confidential may use such document or file only for the purposes of this litigation and may not disclose the document publicly or to any third party other than expert witnesses or other individuals employed specifically for the purposes of this litigation."[9] In the Memorandum Opinion accompanying this Order, the Court explained it is "sensitive to the concerns a civil defendant may have while he also has criminal matters pending," and that "a protective order [will] satisfy the concerns of Defendants Young and Casey."[10]

Then, on June 15, 2022, the Defendants sought an additional protective order, this time prohibiting the use of deposition transcripts, exhibits, and audio and video recordings outside this litigation.[11] The Piazzas opposed this motion.[12] The motion is now ripe for disposition.

---

[8] *See* Doc. 550 (Def. Dibileo Mot. to Quash); Doc. 582 (The Alpha Upsilon Chapter Mot. to Quash); Doc. 585 (Piazzas' Mot. to Compel).
[9] Doc. 590.
[10] Doc. 589.
[11] Doc. 661; Doc. 662.
[12] Doc. 667.

## II.   LAW

The Federal Rules of Civil Procedure allow "any person from whom discovery is sought" to "move for a protective order."[13] Rule 26(c) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[14] But the United States Court of Appeals for the Third Circuit has made plain that "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."[15] The requesting party must instead show "that disclosure [would] work a clearly defined and serious injury."[16] And that "injury must be shown with specificity."[17]

To that end, the Third Circuit has set forth various factors, "which are neither mandatory nor exhaustive," that courts may consider when determining whether good cause for a protective order exists, including whether disclosure will violate any privacy interests, whether a party benefitting from the order of confidentiality is a public entity or official, and whether the case involves issues

---

[13]   Fed. R. Civ. P. 26(c)(1).
[14]   *Id.*
[15]   *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).
[16]   *In re Avandia Marketing, Sales Practices & Products Liability Litig.*, 924 F.3d 662, 671 (3d Cir. 2019) (citation omitted).
[17]   *Id.* (citation omitted).

important to the public.[18] This analysis, however, "should always reflect a balancing of private versus public interests."[19]

### III. ANALYSIS

The question before the Court is whether the ongoing criminal cases against Defendants Young and Casey establish good cause for a protective order despite the broader public interests at issue in this case. The Court finds that they do.

As a preliminary matter, the Court accepts the Piazzas' contention that this case involves issues important to the public.[20] Although the remaining parties in this case are strictly private individuals and entities,[21] a factor weighing in favor of granting an order of confidentiality,[22] the events at issue and broader societal concerns associated therewith implicate a public interest—that is, "assuring that individuals will not die or suffer substantial injury in an attempt to become members of a fraternity."[23]

---

[18] *Id.*; *see generally Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994).
[19] *Avandia*, 924 F.3d at 671–72 (quoting *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).
[20] *See* Doc. 667 at 13.
[21] The Piazzas assert that the Defendants' criminal indictments and/or involvement in criminal preliminary hearings "in connection with the highly publicized events of February 2, 2017 and the death of Timothy Piazza" render these otherwise private individuals and entities "quasi-public figures." *Id.* at 12–13. The Court disagrees. This is not a criminal case involving an established (if diminished) public figure, i.e., OJ Simpson, or a criminal trial-turned-media sensation that transformed a previously private person into an arguably public figure, i.e., Casey Anthony. The Piazzas' bald assertion to the contrary—without analysis or citation to legal authority—has not convinced the Court otherwise.
[22] *See Pansy*, 23 F.3d at 788 ("[I]f a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality.").
[23] *Kenner v. Kappa Alpha Psi Fraternity, Inc.*, 808 A.2d 178, 183 (Pa. Super. 2002); *see also Jean v. Bucknell*, 2021 WL 4145055, at *5 (M.D. Pa. Sept. 9, 2021) (explaining that "the social

But this public interest must be balanced against the privacy concerns present here. As this Court explained in its June 2021 Memorandum Opinion, it is "sensitive to the concerns a civil defendant may have while he also has criminal matters pending."[24] After noting that "a protective order [will] satisfy the concerns of Defendants Young and Casey" relating to their ongoing criminal cases,[25] the Court issued the Order prohibiting the parties from using documents and files marked confidential outside this litigation.[26]

The Defendants now seek to extend this Protective Order to make confidential all deposition transcripts, exhibits attached to the deposition transcripts, and the video and audio recordings of the depositions.[27] This is for good reason. As the Defendants argue, the concerns justifying the June 2021 Protective Order regarding documents and files marked confidential apply with equal force to the deposition transcripts, exhibits, and recordings.[28] Given the "similarity and overlap" between this civil lawsuit and the criminal prosecutions against Defendants Young and Casey, the Defendants rightly raise the specter of

---

utility of a university's effort to prevent hazing is not in dispute" as "there is a substantial public interest in assuring that individuals will not die or suffer substantial injury in an attempt to become members of a fraternity") (brackets and citations omitted).
[24] Doc. 589 at 8.
[25] *Id.*
[26] Doc. 590 at 2.
[27] Doc. 662 at 1–2.
[28] *Id.* at 6.

"information sought and obtained in this civil litigation" being "freely used in the criminal prosecution[s]."[29]

In response, the Piazzas argue that the existing protective orders in the civil and criminal proceedings protect the interests of Defendants Young and Casey.[30] Specifically, the Piazzas note that per a protective order issued by the Court of Common Pleas of Centre County, neither they nor Defendant Kordel Davis "are permitted to make statements about, or otherwise disseminate evidence concerning, occurrences or transactions in the criminal case," a restriction "designed to mitigate potential prejudice to Defendants Young and Casey in their criminal cases."[31] Further, the Piazzas highlight this Court's June 2021 Protective Order preventing them from using certain documents outside this litigation.[32]

But neither of these protective orders addresses the full scope of the concerns raised—hence why the Defendants seek the broader protective order presently at issue. As the Piazzas represent here, the protective order issued by the Court of Common Pleas concerns only the Piazzas and Defendant Davis; it has no bearing on any other prospective deponents. Moreover, it is unclear how, exactly, this protective order will affect the testimony the Piazzas or Davis would provide in this civil case. And, as discussed, although the June 2021 Protective Order

---

[29] *Id*.
[30] *See* Doc. 667 at 13–14.
[31] *Id*.
[32] *Id*. at 14.

concerns only documents and materials marked confidential, the basis for that ruling extends to the deposition transcripts, exhibits, and recordings as well. Accordingly, the Court rejects the Piazzas' assertion that these protective orders—issued by separate courts in response to separate requests reflecting distinct considerations—were "properly calibrated to protect the interests identified by Defendants Young and Casey."[33]

## IV. CONCLUSION

Consistent with this Court's June 2021 Protective Order restricting the use of confidential documents and files outside this litigation, the Court finds that the concerns associated with the ongoing criminal cases against Defendants Young and Casey outweigh the public interest supporting disclosure of the deposition transcripts, exhibits, and recordings. As such, the Court grants the Defendants' motion for a protective order concerning these deposition materials.

That said, this ruling is subject to change based on developments in the Court of Common Pleas of Centre County. The conduct underlying both this civil action and the parallel criminal prosecutions against Defendants Young and Casey occurred on February 2, 2017—more than five-and-a-half years ago. This Court has no insight into why the criminal cases have persisted without resolution for so

---

[33] *Id.*

long. But once the criminal matters conclude, the basis for this protective order will no longer exist.[34]

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[34] On October 11, 2022, Defendant Young requested permission to file a supplemental brief in support of the motion for a protective order, *see* Doc. 688, which the parties discussed with the Court during the October 13, 2022, telephonic status conference. *See* Doc. 687. Upon further review, the Court concludes that supplemental briefing on this motion is unnecessary. As such, Young's motion to supplement is denied.