**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JAMES PIAZZA, *et al.*,

        Plaintiffs,

    v.

BRENDAN YOUNG, *et al.*,

        Defendants.

No. 4:19-CV-00180

(Chief Judge Brann)

**MEMORANDUM OPINION**

**FEBRUARY 14, 2023**

Plaintiffs James and Evelyn Piazza ask this Court to lift the existing discovery stay concerning Defendants Brendan Young and Daniel Casey, which the Court granted in August 2019—three-and-a-half years ago. At that time, the Court deemed the stay appropriate given the parallel criminal actions against Young and Casey. Despite the considerable passage of time, the criminal cases remain pending. The considerations justifying the stay are therefore as salient today as they were in 2019. Accordingly, the Piazzas' motion is denied.

## I.    BACKGROUND

On February 4, 2017, The Pennsylvania State University student Timothy Piazza died due to complications associated with injuries he sustained at a "bid acceptance night" held by the Alpha Upsilon Chapter of the Beta Theta Pi

fraternity.[1] In May of that year, the Commonwealth of Pennsylvania brought criminal charges against Young, Casey, and other members of Beta Theta Pi in the Court of Common Pleas of Centre County for their roles in Timothy Piazza's death.[2]

Eighteen months later, Timothy Piazza's parents, James and Evelyn Piazza, initiated this wrongful death suit, naming as defendants 28 individual members of the fraternity—including Young and Casey—the Alpha Upsilon Chapter, and the national Beta Theta Pi fraternity, among others.[3] Due to the ongoing criminal proceedings, Young and Casey filed a motion to stay discovery, which this Court granted on August 27, 2019.[4]

Although three-and-a-half years have transpired since the Court stayed discovery as to Young and Casey, there has been seemingly little progress in their respective criminal cases.[5] Young and Casey obtained a favorable ruling on a motion to suppress certain cellphone evidence, and a circuitous series of appeals

---

[1]   Doc. 237 (Am. Compl.) ¶¶ 96–98, 155–60, 261–317.

[2]   *See* Doc. 213-1, Ex. A (Criminal Dockets, printed June 24, 2019).

[3]   Doc. 1 (Compl.). The Piazzas amended their complaint on September 16, 2019. Doc. 237 (Am. Compl.).

[4]   Doc. 233 (MTD & Discovery Stay Mem. Op.); Doc. 234 (MTD & Discovery Stay Order).

[5]   Although most of these individuals are no longer subject to criminal proceedings, *see*, *e.g.*, Doc. 377 (criminal proceedings against Defendant Aidan O'Brien have been completed); Doc. 527 (criminal proceedings against Bohan Song completed); Doc. 579 (criminal proceedings against Braxton Becker completed), the criminal cases against Young and Casey are ongoing. *See* Doc. 717 (Feb. 8, 2023, Casey Status Report); Doc. 718 (Feb. 8, 2023, Young Status Report).

followed.[6] As it currently stands, Young and Casey are awaiting a ruling by the Superior Court of Pennsylvania.[7]

Responding to this delay, the Piazzas filed a motion to lift the discovery stay.[8] This motion has been fully briefed and is now ripe for disposition.[9]

## II.   LAW

It is well established that "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket."[10] And once a court imposes a stay of litigation, that same court "has the inherent power and discretion to lift the stay."[11] The question for the presiding court is whether "circumstances have changed such that [its] reasons for imposing the stay no longer exist or are inappropriate."[12]

Accordingly, when a party moves to lift a stay, the court must reassess the factors relevant to the initial stay determination. When, as here, the request to stay discovery stems from the existence of a related criminal proceeding, the presiding court must consider the following:

---

[6]   *See* Doc. 693 (Piazza Br.) at 2–4 (describing procedural history of criminal prosecutions); Doc. 698-1 (Casey Opp.) at 3 (same); *see also* Doc. 717 (Feb. 8, 2023, Casey Status Report); Doc. 718 (Feb. 8, 2023, Young Status Report).

[7]   *Id.*

[8]   Doc. 689 (Mot. to Lift Stay).

[9]   *See* Doc. 693 (Piazza Br.); Doc. 697-1 (Young Opp.); Doc. 698-1 (Casey Opp.).

[10]   *Commonwealth Insurance Co. v. Underwriters, Inc.*, 846 F.2d 196, 199 (3d Cir. 1988) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

[11]   *Sager v. Allied Interstate, LLC*, 2021 WL 9406785, at *2 (W.D. Pa. Dec. 21, 2021) (quotation marks and citations omitted).

[12]   *Id.*

> (1)  the extent to which the issues in the civil and criminal cases overlap;
>
> (2)  the status of the criminal proceedings, including whether any defendants have been indicted;
>
> (3)  the plaintiff's interests in expeditious civil proceedings weighed alongside the prejudice to the plaintiff caused by the delay;
>
> (4)  the burden on the defendants;
>
> (5)  the interests of the court; and
>
> (6)  the public interest.[13]

## III.  ANALYSIS

As Young and Casey note, since this Court issued the discovery stay in August 2019, nothing has changed "other than the passage of time."[14] As such, all considerations justifying the initial stay remain: Young and Casey "are well past the indictment stage" in their respective criminal prosecutions, and the civil and criminal cases are virtually identical, as "both cases seek to hold [Young and Casey] liable for the conduct they allegedly engaged in on Bid Acceptance Night."[15] The question, then, is whether the prolonged delay of the criminal proceedings overrides those initial considerations. The Court finds it does not.

---

[13]  *Barker v. Kane*, 149 F. Supp. 3d 521, 525–26 (M.D. Pa. 2016) (Connor, C.J.) (quotation marks and citations omitted).

[14]  Doc. 698-1 (Casey Opp.) at 7; *see also* Doc. 697-1 (Young Opp.) at 6 ("[N]othing has changed since August of 2019.").

[15]  Doc. 233 (MTD & Discovery Stay Mem. Op.) at 39; *see also* Doc. 693 (Piazza Br.) at 8 ("Here, the parties agree that the civil and criminal matters overlap.").

In support of its motion to lift the stay, the Piazzas emphasize (1) their interest in proceeding expeditiously and the prejudice caused by the delay, and (2) the interests of the Court and the public.[16] First, as this Court recognized when it granted the stay, "the Piazzas—like almost all other civil litigants—have an interest in proceeding expeditiously."[17] That said, the Court noted that "[t]he mere possibility of a 'less expeditious ruling . . . is insufficient to show prejudice,' especially since the Piazzas have pointed to no 'particularly unique injury, such as the dissipation of assets or an attempt [by Young and Casey] to gain an unfair advantage from the stay.'"[18] The Piazzas contend that the delays in the criminal proceedings alter that calculus, but the Court disagrees.

Characterizing the stay as one of "essentially indefinite duration," the Piazzas argue that "[t]he prejudice of plaintiffs in such instances . . . is more than apparent."[19] Attempting to offer more clarity, the Piazzas cite their "inability to request discovery from Young and Casey prior to the close of fact discovery" as unfairly prejudicial.[20] But as Young and Casey explain, the Piazzas then undercut their own argument by claiming that neither Young nor Casey need actually

---

[16] *See* Doc. 693 (Piazza Br.) at 8–11, 13–14.

[17] Doc. 233 (MTD & Discovery Stay Mem. Op.) at 41.

[18] *Id*. (quoting *Barker*, 149 F. Supp. 3d at 528).

[19] Doc. 693 (Piazza Br.) at 9–10 (citing *In re Mid-Atlantic Toyota Antitrust Litig.*, 92 F.R.D. 358, 359 (D. Md. 1981)).

[20] *Id*. at 10–11; *see also* Doc. 707 (Piazza Reply) at 2 (asserting that given the January 30, 2023, deadline for discovery, "[t]he continued stay of discovery constrains Plaintiffs' ability to prosecute their claims").

respond to discovery because "they have the option to assert their privilege against self-incrimination in this civil litigation."[21] The practical ramifications of that constitutional protection reveal the futility of lifting the discovery stay at this juncture: so long as the criminal proceedings are ongoing, the Piazzas will not obtain the discovery they seek because Young and Casey will presumably invoke the Fifth Amendment right against self-incrimination, "which essentially would mean that [they] would not respond to discovery or answer questions at [their] deposition[s]."[22]

Moreover, the Piazzas concerns about how the stay prevents them from completing discovery within the Court's imposed deadlines is moot. On January 10, 2023, the Court extended the deadline for fact discovery until May 30, 2023.[23] To the extent further delays in the criminal proceedings prevent the parties here from completing fact discovery by this new deadline, they can request—and will likely be granted—an extension. The Court will not penalize the Piazzas for delays caused by the Pennsylvania courts.

Second, the Piazzas argue that the interests of the Court and the public support lifting the stay, correctly noting that both have an interest in the timely resolution of cases.[24] But in their briefing, the Piazzas ignore the Court's

---

[21]  Doc. 693 (Piazza Br.) at 12.
[22]  Doc. 697-1 (Young Opp.) at 7.
[23]  *See* Doc. 715 (Am. Case Management Order).
[24]  *See* Doc. 693 (Piazza Br.) at 13 (citing *Barker*, 149 F. Supp. 3d at 529).

assessment of this factor in its prior ruling. There, the Court explained that "there is also an interest in efficiency and conservation of judicial resources," and that this interest "would be impaired if this Court had to weigh in on discovery disputes sparked by an assertion of privilege."[25]

Far from obviating this concern, the Piazzas arguments for lifting the stay reinforce this Court's initial reservations. According to the Piazzas, they ask only for permission to "seek written and oral discovery from Defendants Young and Casey, while affording Young and Casey all privileges available to law."[26] The Piazzas thus acknowledge that if the stay is lifted, Young and Casey will likely decline to provide discovery or sit for depositions, opting instead to invoke their Fifth Amendment right against self-incrimination. Given the Piazzas' contention that a failure to receive discovery from Young and Casey has "fundamentally changed the equitable relationship between the parties," resulting in "ongoing harm" that "grows every day,"[27] Young's and Casey's invocations of their respective rights under the Fifth Amendment will undoubtedly set off another round of discovery disputes. These disputes can be avoided altogether by simply staying discovery until the criminal proceedings have advanced. The Court deemed that preferable in 2019. It remains preferable today.

---

[25]   Doc. 233 (MTD & Discovery Stay Mem. Op.) at 42.
[26]   Doc. 707 (Piazza Reply) at 4–5.
[27]   Doc. 693 (Piazza Br.) at 14.

## IV.   CONCLUSION

The Piazzas are understandably frustrated by the pace of Young's and Casey's criminal proceedings and the resultant delays in this parallel civil action. It has been six years since their son died at the Beta Theta Pi fraternity house on Penn State's campus. And more than five-and-a-half years have passed since the Commonwealth first brought criminal charges against Young and Casey for their conduct related to Timothy Piazza's death. But neither Young nor Casey have faced trial for those charges. And given the overlap between this case and the ongoing criminal actions, requiring Young and Casey to provide discovery and sit for depositions in this matter creates a real risk of undue prejudice. The Piazzas' frustrations over the delays, however justified, do not override this risk of prejudice to Young and Casey. Accordingly, their motion to lift the stay is denied.

An appropriate Order follows.

BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge