IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES PIAZZA, *et al.*, | No. 4:19-CV-00180 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| BRENDAN YOUNG, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

JANUARY 9, 2024

## I.  BACKGROUND

Currently pending before the Court is Defendant and Third-Party Plaintiff St. Moritz Security Services' ("SMSS") Motion for Leave to Amend its Third-Party Complaint.[1] Plaintiffs James and Evelyn Piazza, individually and as administrators of the Estate of Timothy J. Piazza, initiated this litigation on January 31, 2019 with the filing of a Complaint seeking to hold several defendants, including SMSS, liable for Timothy's death from complications associated with injuries he sustained at a "bid acceptance night" held by a fraternity at The Pennsylvania State University.[2] Plaintiffs filed a First Amended Complaint on September 16, 2019.[3] SMSS filed an Answer to Plaintiffs' Amended Complaint on October 8, 2019[4] and a Third-Party

---

[1]   Mot. to Am. Third Party Compl., Doc. 740.
[2]   *See generally* Compl., Doc. 1.
[3]   Am. Compl., Doc. 237.
[4]   SMSS Ans., Doc. 255.

Complaint against, among others, Pennsylvania State University Interfraternity Council (the "IFC") on October 22, 2019.[5] In its Third-Party Complaint, SMSS alleges that the IFC acted negligently by failing to implement adequate policies to "prevent underage drinking, excessive alcohol consumption, and/or hazing."[6] On the basis of that alleged negligence, SSMS seeks contribution or indemnification from the IFC or to hold the IFC jointly and severally liable with SMSS in the event that Plaintiffs are entitled to a recovery from SMSS.[7]

On September 26, 2022, nearly three years after filing its Third-Party Complaint, SMSS made a written demand to the IFC that it defend and indemnify SMSS against all claims in accordance with the following provision in a Security Services Agreement entered into between SMSS and the IMF in September 2014:

> 8. Client: acknowledges that the furnishing of the security services provided for herein by the Contractor does not guarantee protection against all contingencies. St. Moritz is NOT RESPONSIBLE FOR ANY AGE IDENTIFICATION and will he held harmless in the event that any individuals under the age of 21 bring or consume alcohol at any event.[8]

After more than a year had passed and multiple requests for a response went unanswered, the IFC rejected the tender of defense on October 2, 2023.[9] SMSS subsequently filed the present motion on October 26, 2023, seeking to add a claim

---

[5] Third Party Compl. ("3P Compl."), Doc. 303.
[6] *Id.* ¶ 38.
[7] *Id.* ¶ 42.
[8] Mot. ¶¶ 11-13 (quoting Agreement, Ex. A, Doc. 736-3); *see also* Tender Letter, Ex. B., Doc. 736-4.
[9] Rejection Letter, Ex. C, Doc. 736-5.

for breach of contract against the IFC,[10] which the IFC opposed on November 8, 2023.[11] SMSS' Motion is ripe for disposition.

## II. LAW AND ANALYSIS

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave [to amend a pleading] when justice so requires." However, despite this "liberal amendment regime," leave is not granted reflexively.[12] Though Rule 15 "[]lack[s] a time limit or outer bound on when amendment is permissible," denial of leave to amend may be appropriate in cases of undue delay, as well as other equitable factors including, most critically, prejudice to the non-moving party.[13]

The question of undue delay turns on "'the movant's reasons for not amending sooner' while 'bearing in mind the liberal pleading policy of the federal rules.'"[14] Accordingly, leave to amend is regularly denied "where the moving party offered no cogent reason for the delay in seeking the amendment."[15]

The IFC argues that this presents such a case, noting that SMSS' filed its motion "almost five years after the instant litigation commenced, four years after St. Moritz filed its Third-Party Complaint against the IFC, and more than a year after

---

[10] Mot.; Br. in Supp. ("BIS"), Doc. 737.
[11] Opp. Br. ("BIO"), Doc. 740. SMSS did not file a reply brief.
[12] *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017)
[13] *Id.* at 149-50 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006)).
[14] *Id.* at 151 (quoting *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001)).
[15] *Id.* (citing *CMR D.N. Corp. v. City of Phila.*, 703 F.3d 612, 629 (3d Cir. 2013)).

St. Moritz initially requested via letter that the IFC defend and indemnify it in the instant litigation."[16]

Ordinarily, the Court would be inclined to agree. However, the Court notes that claims for indemnification generally do not accrue until the indemnitee is held liable and makes a payment on the underlying claim.[17] Therefore, it seems that SMSS could have brought this claim at any point until four years after any obligation to pay Plaintiffs arose.[18] Relatedly, the Court cannot conclude that the IFC will suffer any prejudice by the proposed amendment—it will either have to litigate the issue now as part of this case or in a separate action.

Given the relatively slow progress of this litigation, mostly attributable to pending criminal proceedings involving two of SMSS' co-defendants[19] and the nature of the discovery that remains outstanding,[20] the Court finds that permitting amendment will not further delay proceedings as to warrant requiring SMSS to initiate a separate action. In making this determination, the Court accepts SMSS'

---

[16] BIO 5.

[17] *Kessock v. Conestoga Title Ins. Co.*, 194 A.3d 1046, 1057 (Pa. Super. 2018). The Court notes that, while such claims are premature until the indemnitee makes the payment under Pennsylvania law, *id.*, Federal Rule of Civil Procedure 14 "permit[s] third-party indemnification and contribution claims before the prime obligation to pay materializes." *Mount Pocono Mun. Auth. v. RKR Hess*, No. 3:20-CV-1105, 2021 WL 3674639 at *3 (M.D. Pa. Aug. 19, 2021) (collecting cases).

[18] *Kessock*, 194 A.3d at 1055.

[19] *See* Mem. Op. Den. Pl. Mot. to Lift Stay, Doc. 719 (discussing stay of discovery as to co-defendants facing criminal charges).

[20] *See* Mot. to Am. Case Management Ord., Doc. 729 (discussing outstanding discovery, including depositions of law enforcement, plaintiffs, and discovery relating to co-defendants facing criminal charges).

representation that its claim "will be based upon the same evidence developed in discovery relevant to the existing claims against the IFC."[21] In the event that SMSS' claim survives a motion to dismiss, the Court will hold SMSS to its word.

To that end, the IFC also argues that the Court should deny leave to amend on the grounds that the amendment would be futile.[22] It suggests that the "hold harmless" provision does not obligate it to defend and indemnify SMSS against claims brought by third parties. It also asserts that the claims of Plaintiffs' Amended Complaint go well beyond those contemplated by the agreement. However, the IFC does not cite any authorities in support of its position and, while the IFC may well be correct, it is not immediately obvious that is the case.[23]

Therefore, the Court will grant SMSS' Motion and allow the IFC to file a motion to dismiss, further developing the above arguments (and any others)[24] by

---

[21] BIS 2.

[22] Denial of leave to amend on the basis of futility is subject to the same standard as applies under Rule 12(b)(6). *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010)

[23] Cursory research into the IFC's arguments suggests that "the terms 'indemnify' and 'hold harmless' . . . are often treated as two sides of the same coin." *Zaftr Inc. v. Lawrence*, No. CV 21-2177, 2023 WL 349256 at *5 n.5 (E.D. Pa. Jan. 20, 2023). Further, to the extent that this provision does obligate the IMF to indemnify SMSS for claims by third parties for underage drinking, it is not clear that the existence of other issues in this case—*i.e.*, hazing, failure to provide security—precludes indemnification for any damages that may have been proximately caused by Timothy Piazza's underage drinking.

[24] The Court would also find helpful briefing on whether, to the extent that the agreement imposes a duty to defend, whether the statute of limitations has run on that claim. *See Allegheny Ludlum, LLC v. Liberty Mut. Ins. Co.*, 487 F. Supp. 3d 350, 357 n.3 (W.D. Pa. 2020), aff'd, 858 F. App'x 49 (3d Cir. 2021) (citing *Selective Way Ins. Co. v. Hosp. Grp. Servs., Inc.*, 119 A.3d 1035, 1049 (Pa. Super. 2015) (observing that the duty to defend and the duty to indemnify are separate duties which may arise at different times). Though the court in *Selective* found that

February 9, 2024. Any opposition and reply briefs may be filed in accordance with the local rules.[25]

## III. CONCLUSION

For the foregoing reasons, Defendant and Third-Party Plaintiff St. Moritz Security Services' Motion for Leave to Amend is GRANTED.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

the two duties could not be "disentangled" for the purposes of determining the statute of limitations, this case appears distinguishable at first glance.

[25] Of course, the IFC is not obligated to seek dismissal. The Court simply assumes that such a motion would be forthcoming based on the IFC's briefing. The IFC may, alternatively, simply file an answer to the Amended Third-Party Complaint.