IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES PIAZZA, *et al.*, | No. 4:19-CV-00180 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| BRENDAN YOUNG, *et al.*, | |
| Defendants. | |

### MEMORANDUM OPINION

### MARCH 1, 2024

## I.  BACKGROUND

Currently pending before the Court is Defendant Brendan Young's Motion to Compel discovery of statements made by co-Defendants in connection with settlement agreements entered into by those Defendants (the "Settled Defendants") and Plaintiffs, James and Evelyn Piazza.[1] Following a telephonic status conference regarding the discovery dispute, the Court directed Young and the Piazzas to submit letter briefs to the Court in support of their respective positions. The Court is in receipt of those filings, and Young's request is ripe for disposition.

---

[1] Young filed a letter with the Court requesting permission to file a motion to compel. Doc. 749. The Piazzas filed a letter in opposition, Doc. 754, and the Court hosted the parties for a telephonic status conference to discuss the issue during which it invited Young and Piazza, as well as any other impacted parties, to submit letter briefs regarding the issue. Docs. 750, 768 (Orders); Doc. 775 (Young letter); Doc. 776 (Piazza letter); Doc. 774 (letter from Greg Rizzo joining Young's request); Doc. 777 (letter from Michael Schiavone joining the Piazzas' opposition); Doc. 778 (letter from Bohan Song joining the Piazzas' opposition). Though Young has not filed a formal motion, the Court will construe his filings accordingly.

## II. DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Such discovery must take into account "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit."[2] "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action."[3] "[T]he required showing of relevance is no higher for settlements than it is for other kinds of information."[4]

The party filing a motion to compel bears the initial burden of "demonstrat[ing] the relevance of the information sought to a particular claim or defense. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper."[5] "Generally, courts afford

---

[2] Fed. R. Civ. P. 26(b)(1).
[3] Fed. R. Evid. 401.
[4] *Jackson v. Clear Link Ins. Agency, LLC*, No. 4:22-CV-01466, 2023 WL 6436692, at *2 (M.D. Pa. Sept. 29, 2023) (collecting cases).
[5] *Osagie v. Borough of State College*, 586 F. Supp. 3d 314, 321 (M.D. Pa. 2022) (quoting *Miller v. McGinley*, 2022 WL 212709, at *2 (M.D. Pa. Jan. 24, 2022)).

considerable latitude in discovery in order to ensure that litigation proceeds with the fullest possible knowledge of the issues and facts before trial."[6]

As an initial matter, Young's position that the Piazzas have waived any objections to the discovery requests due to their failure to respond is not well taken. As observed by my friend and colleague, the Honorable Christopher C. Connor, Federal Rule of Civil Procedure 34 "'does not by its terms provide that objections will be deemed waived' based on an untimely response to a request for production of documents."[7] "Instead, parties '*may* be held to have waived' objections if they egregiously fail to comply with Rule 34's 30-day time limit."[8] As the Piazzas note, they *did* respond, and the Court agrees with them that the emails supplied to the Court by Young demonstrate a good faith attempt to respond to the request and resolve the issue without Court intervention. It may have been more procedurally proper for the Piazzas to formally respond to Young's request with a stated objection in parallel, but the failure to do so is not an egregious violation of Rule 34.

Also, the parties' discussion regarding the confidentiality of the statements puts the cart before the horse. The relevant inquiry is whether the settlement agreements are relevant, not whether they implicate the confidentiality rights of the

---

[6] *Id.* (citing *Naranjo v. T. Walter*, No. 1:20-CV-918, 2021 WL 4226062, at *3 (M.D. Pa. Sept. 16, 2021); *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).
[7] *Naranjo*, 2021 WL 4226062, at *4 (quoting *Scaturro v. Warren & Sweat Mfg. Co., Inc.*, 160 F.R.D. 44, 46 (M.D. Pa. 1995)).
[8] *Id.* (quoting *Scaturro*, 160 F.R.D. at 46).

parties to those agreements.[9] Turning to that issue, Young argues that the statements "could have been used to cross examine the Settled Defendants during their depositions" and are relevant at trial where "[t]he contents of the statements will go to the Defendant's credibility, for impeachment to the extent that the statement to Plaintiffs differs from that provided previously to others or during their deposition."[10] However, Federal Rule of Evidence 408 expressly prohibits the use of evidence of "conduct or a statement made during compromise negotiations about the claim" "either to prove or disprove the validity or amount of a claim or to impeach by a prior inconsistent statement or a contradiction."[11] This also precludes Young's proposed use of the statements during the depositions of the Piazzas to explore the conduct of the parties to the settlement negotiations and subsequent agreements.[12]

---

[9]  *Jackson*, 2023 WL 6436692, at *3.
[10] Doc. 775 at 2-3.
[11] Even if the Court were to accept Young's argument that the statements at issue "are exhibits to, and not a part of, the terms of the settlement agreement," they would nonetheless fall within the scope of Rule 408's express prohibition of the use of such statements.
[12] *Cf.* Doc. 775 (asserting that "information as to how the statements were obtained, when, who drafted them, etc. . . . may be explored during the depositions of the Plaintiffs").

Young also argues that "the statements are clearly relevant at trial, as the Settled Defendants will all be listed on the verdict sheet."[13] The Pennsylvania Fair Share Act[14] provides:

> For purposes of apportioning liability only, the question of liability of any defendant or other person who has entered into a release with the plaintiff with respect to the action and who is not a party shall be transmitted to the trier of fact upon appropriate requests and proofs by any party.[15]

"Although the Fair Share Act allows for the apportionment of liability to a released party, 'there is no absolute right to have settling co-defendants placed on a verdict slip.'"[16] "Rather, a trial court must determine whether any evidence of a settling co-defendant's liability exists before deciding whether to put that co-defendant on a jury verdict slip."[17] To that end, the Fair Share Act further provides:

> Nothing in this section shall affect the admissibility or nonadmissibility of evidence regarding releases, settlements, offers to compromise or compromises as set forth in the [] Rules of Evidence."[18]

---

[13] *Id.* at 3. Young's argument on this point echoed a letter filed by Third-Part Defendant Greg Rizzo. Doc. 774. The Court emphasizes that the issue of what persons will appear on the verdict slip at trial is an issue not properly before this Court. The Court only considers the issue here as it relates to the present dispute.

[14] 42 Pa. C.S. § 7102, *et seq.*

[15] 42 Pa. C.S. § 7102(a.2).

[16] *Rhoads Industries, Inc. v. Shoreline Found., Inc.*, No. CV 15-921, 2022 WL 612662, at *3 (E.D. Pa. Mar. 1, 2022) (quoting *Hyrcza v. W. Penn Allegheny Health Sys., Inc.*, 978 A.2d 961, 969 (Pa. Super. 2009)).

[17] *Id.* (quoting *Rapchak v. Haldex Brake Prod. Corp.*, No. 2:13-CV-1307, 2016 WL 3752908, at *4 (W.D. Pa. July 14, 2016); *Hyrcza*, 978 A.2d at 969).

[18] 42 Pa. C.S. § 7102(a.2). Notwithstanding the statue's reference to the Pennsylvania Rules of Evidence, federal courts sitting in diversity apply federal procedural rules. *Salas by Salas v. Wang*, 846 F.2d 897, 905 (3d Cir. 1988).

As above, Young cannot rely on the settlement agreements to prove the validity of a claim. There is no principled reason to distinguish, under Rule 408, the validity of the Piazzas' initial claim against any Settled Defendant from Young's claim of contribution. To hold otherwise would, as a practical matter, give the non-settled Defendants the benefit of both the opportunity to defend against the Piazzas' claims at trial and the settlements of their co-Defendants.[19]

Nevertheless, the Court is mindful that, aside from the potential use of the settlement agreements during their depositions, the Piazzas did not raise any substantive objection to the discoverability of the settlement agreements until their February 28, 2024 letter. Though the Court has found that they have not waived the objection and that there does not appear to be any permissible use for the agreements, the Court is cognizant that the Piazzas, who, unlike both Young and the Court, have access to the statements, were apparently willing to turn them over subject to a confidentiality agreement.[20] Therefore, out of an abundance of caution, prior to denying Young's request, the Court will require Piazza to submit the documents to the Court for *in camera* review.

---

[19] To the extent that settlement agreements may be relevant to a damages analysis, courts routinely withhold settlement agreements until there has been a finding of liability. *Fossil Group, Inc. v. Angel Seller LLC*, No. 20CV2441WFKTAM, 2021 WL 5181308, at *6 (E.D.N.Y. Oct. 22, 2021) (citing *King Cnty., Wash. v. IKB Deutsche Industriebank AG*, No. 09 CIV. 8387 SAS, 2012 WL 3553775, at *1 (S.D.N.Y. Aug. 17, 2012)).

[20] Doc. 775-3. The Court suspects that this is due to the Piazzas' relative indifference to providing the statements rather than an acknowledgment that they are, in fact, relevant.

To that end, the Court notes that the Piazzas are apparently scheduled to be deposed on March 7 and March 11, 2024.[21] Though the Court is skeptical that, even if the statements are discoverable, there is any permissible use for them during the Piazzas' depositions, in the interest of judicial economy the Court respectfully requests that the Piazzas' supply to the Court the relevant documents by March 5, 2024 to allow the Court time to review the documents and issue a ruling.[22]

## III.   CONCLUSION

For the foregoing reasons, Defendant Brendan Young's Motion to Compel discovery is denied pending *in camera* review of the relevant documents.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[21]  Doc. 754.
[22]  The Court recognizes that this provides the Piazzas with essentially two days' notice to prepare and provide the relevant documents. Though the Court is hopeful that the relative proximity of counsel's offices, where the relevant documents are presumably stored electronically or otherwise, to the Court will enable them to meet this accelerated timeline, the Court also appreciates that it may not be possible.