IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES PIAZZA, *et al.*, | No. 4:19-CV-00180 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| BRENDAN YOUNG, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

**MARCH 26, 2024**

## I.    BACKGROUND

Plaintiffs James and Evelyn Piazza, individually and as administrators of the Estate of Timothy J. Piazza, initiated this litigation on January 31, 2019 with the filing of a Complaint seeking to hold several Defendants, including St. Moritz Security Services, liable for Timothy's death from complications associated with injuries he sustained at a "bid acceptance night" held by a fraternity at The Pennsylvania State University.[1] St. Moritz filed a Third-Party Complaint against, among others, The Pennsylvania State University Interfraternity Council ("the IFC"), seeking to hold the Third-Party Defendants jointly and severally liable in the event that the Piazzas are entitled to a recovery from St. Moritz.[2]

---

[1]   *See generally* Compl., Doc. 1; Am. Compl. Doc. 237.
[2]   Third Party Compl. ("3P Compl."), Doc. 303 ¶¶ 38, 42.

Nearly five years after the initiation of the litigation, St. Mortiz filed a Motion to Amend its Third-Party Complaint to include a claim against the IFC for breach of contract based on the IFC's refusal to defend and indemnify St. Moritz in accordance with the following provision in a Security Services Agreement entered into by the parties in September 2014:

> 8. Client: acknowledges that the furnishing of the security services provided for herein by the Contractor does not guarantee protection against all contingencies. St. Moritz is NOT RESPONSIBLE FOR ANY AGE IDENTIFICATION and will be held harmless in the event that any individuals under the age of 21 bring or consume alcohol at any event.[3]

Though the Court agreed with the IFC that the failure to raise this issue until years into the litigation militated against allowing amendment, the Court ultimately granted St. Mortiz's Motion on the grounds that, despite the delay, the claim was timely under Pennsylvania law.[4] The Court also declined the IFC's invitation to deny St. Moritz's Motion on futility grounds in favor of permitting the parties to fully develop and brief any such arguments on a motion to dismiss, which is now pending before the Court and ripe for disposition.[5]

---

[3] Mot. to Am., Doc. 740 ¶¶ 11-13 (quoting Agreement, Mot. to Am. Ex. A, Doc. 736-3); *see also* Tender Letter, Mot. to Am. Ex. B., Doc. 736-4; Am. 3P Compl., Doc. 744, Count V.
[4] Jan. 9, 2024, Mem. Op., Doc. 742 at 4.
[5] Mot. to Dismiss, Doc. 751; Br. in Supp., Doc. 752; Opp'n. Br., Doc. 785. The IFC did not file a Reply Brief.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for "failure to state a claim upon which relief can be granted." The United States Court of Appeals for the Third Circuit has instructed that, under the standard established by the Supreme Court of the United States in *Bell Atlantic Corp. v. Twombly*[6] and *Ashcroft v. Iqbal*,[7] a court reviewing the sufficiency of a pleading must take three steps: (1) "take note of the elements the plaintiff must plead to state a claim"; (2) "identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth"; and (3) "assume the[] veracity" of all "well-pleaded factual allegations" and then "determine whether they give rise to an entitlement to relief."[8]

## III. DISCUSSION

At issue is whether the provision that St. Moritz will be "held harmless in the event that any individuals under the age of 21 bring or consume alcohol at any event" requires the IFC to indemnify St. Moritz in such circumstances. Though it does not appear any Pennsylvania court has directly addressed the question, the majority rule is that the terms "indemnify" and "hold harmless" are synonymous.[9] Further,

---

[6] 550 U.S. 544 (2007).
[7] 556 U.S. 662 (2009).
[8] *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations and citations omitted).
[9] Bryan A. Garner, *Indemnify A. and Hold Harmless; Save Harmless*, 15 Green Bag 2d 17, 23 (2011) (citing *Brentnal v. Holmes*, 1 Root 291, 293 (Conn. 1791); *Long v. McAllister-Long*, 221 S.W.3d 1, 10 (Tenn. Ct. App. 2006); *Loscher v. Hudson*, 182 P.3d 25, 33 (Kan. Ct. App. 2008); *Majkowski v. American Imaging Mgmt. Servs., LLC*, 913 A.2d 572, 588 (Del. Ch. 2006)). *See also Henthorne v. Legacy Healthcare, Inc.*, 764 N.E.2d 751, 756-57 (Ind. Ct. App.

Black's Law Dictionary's definition of "hold harmless" cites to "indemnity" and vice versa.[10] In the absence of any authority to the contrary, the Court assumes that if the Supreme Court of Pennsylvania were to take up the issue, it would follow the majority rule.[11] Therefore, the Court finds that "hold harmless" provision of the Agreement requires the IFC to indemnify St. Moritz from claims arising from the underage consumption of alcohol.

Nevertheless, the Court agrees with the IFC's argument that an interpretation of the provision which would require it to indemnify St. Moritz "for any and all claims even remotely related (or not related at all) to underage possession or consumption of alcohol" is untenable.[12] However, as the Court noted in its prior Memorandum Opinion, that the Agreement may not reach certain claims does not preclude indemnification for damages that may have been proximately caused by underage drinking.[13] To that end, the scope of the basis for St. Mortiz's liability, if

---

2002); *AnywhereCommerce, Inc. v. Ingenico Inc.*, 665 F. Supp. 3d 181, 210-11 (D. Mass. 2023); *Wallace v. Nat'l R.R. Passenger Corp.*, 5 F. Supp. 3d 452, 477 (S.D.N.Y. 2014); *Shell Oil Co. v. United States*, 108 Fed. Cl. 422, 425 (2013); *Majkowski v. Am. Imaging Mgmt. Servs., LLC*, 913 A.2d 572, 588 (Del. Ch. 2006). *But see Queen Villas Homeowners Assn. v. TCB Prop. Mgmt.*, 149 Cal. App. 4th 1, 56 Cal. Rptr. 3d 528 (2007) (holding that indemnification is an offensive right and hold harmless is defensive).

[10] Hold Harmless Definition, Indemnity Definition, *Black's Law Dictionary* (11th ed. 2019).
[11] *See Norfolk S. Ry. Co. v. Basell USA Inc.*, 512 F.3d 86, 91-92 (3d Cir. 2008) (federal courts sitting in diversity resolve questions of state law by predicting how the highest court of the state would decide the issue).
[12] Supp. 9.
[13] Jan. 9 Mem. Op. 5 n.23.

any, and any right it has to indemnification from the IFC is not an issue fit for resolution on a motion to dismiss.

Finally, though the Court has found that the Agreement may obligate the IFC to indemnify the St. Moritz, "[t]he duty to defend is separate from the duty to indemnify."[14] As there is no such duty expressed in the Agreement, the IFC is not obligated to defend St. Moritz against the claims brought against it by the Piazzas.[15]

## IV. CONCLUSION

For the foregoing reasons, the IFC's Motion to Dismiss is granted in part and denied in part.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[14] *Genaeya Corp. v. Harco Nat. Ins. Co.*, 991 A.2d 342, 349 (Pa. Super. 2010) (citing *Gen. Acc. Ins. Co. of Am. v. Allen*, 692 A.2d 1089, 1095 (Pa. 1997)).
[15] *Id.* 347.