**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES PIAZZA, *et al.*, | No. 4:19-CV-00180 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| BRENDAN YOUNG, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### MARCH 10, 2026

Plaintiffs James and Evelyn Piazza individually and as administrators of the estate of Timothy Piazza (collectively, "Plaintiffs") sued a litany of individual defendants related to the death of Timothy Piazza in 2017 ("Defendants").[1] One of Defendants, Craig Heimer, then filed a Third-Party Complaint against fifteen (15) defendants including Kyle Pecci, Ryan Foster, and Gregory Rizzo ("Third-Party Defendants").[2] The Court then deemed, for ease of litigation, such a crossclaim to be asserted against all defendants by all defendants.[3] Since then, according to Third-Party Defendants, an unknown number of Defendants and Third-Party Defendants have settled with Plaintiffs.

---

[1]  Doc. 237 (Amend. Compl.).
[2]  Doc. 842 (Br. in Supp.) at 2; Doc. 843 at 1-2.
[3]  Doc. 265.

As the case approaches trial, Third-Party Defendants have filed the instant motion requesting the Court to compel 1) Plaintiffs to identify the remaining, non-settled parties; 2) Plaintiffs to identify any assignment of crossclaims in settlements, and; 3) any party intending to pursue a claim against any Third-Party Defendant to file a Notice of Intention to Proceed.

Plaintiffs assert that no crossclaims have been assigned in settlements, and only oppose the first request due to the confidential nature of the settlement agreements. Third-Party Defendants respond that they are not seeking information about the settlement agreement themselves, merely the identification of parties remaining in the litigation with claims against them.

The Court sees the need, pursuant to Federal Rule of Civil Procedure 26, to compel the disclosure of parties remaining in this case.[4] Additionally, Rule 10(a) requires that litigants provide "the names of all the parties."[5] Accordingly, Third-Party Defendants' motion shall be granted. Litigation has gone on long enough, and all defendants in this matter have a right to know the scope of their potential liability.

---

[4]  *See* FED. R. CIV. P. 26(b)(1) (noting parties may discovery any nonprivileged, relevant matter).

[5]  *See* FED. R. CIV. P. 10(a); *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (holding that "defendants have a right to confront their accusers" and that, barring extenuating circumstances not applicable here, Rule 10(a) requires identification of all parties because "[o]ne of the essential qualities of a Court of Justice [is] that its proceedings should be public.") (internal quotation omitted).

Moreover, generally, the confidentiality of a settlement agreement does not foreclose the discovery right of other litigants not party to the agreement. *See Green v. Cosby*, 314 F.R.D. 164, 170-71 (E.D. Pa. 2016) (collecting cases).

The Court agrees that such information is necessary to proceed in this litigation. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiffs are compelled to identify the remaining, non-settled parties to the Court and remaining parties by March 20, 2026.

2. Plaintiffs are compelled to file a sworn affidavit detailing their assertion that they have been assigned no crossclaims by any settling parties.

3. Any party intending to pursue a crossclaim against any Third-Party Defendant, including but not limited to Pecci, Foster, and Rizzo, must file a Notion of Intention to Proceed on the Crossclaim within twenty (20) days or the Crossclaim is waived.

4. The dispositive motion deadline is reset for April 20, 2026.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

3